[No. 4,695.]

# E. A. HARRIS, A. H. ROSE AND MOSES STINCH-FIELD v. THE BOARD OF SUPERVISORS OF COLUSA COUNTY.

ASSESSMENT FOR RECLAMATION OF SWAMP LANDS.—If a Board of Supervisors has appointed three Commissioners to view and assess swamp lands, for the expense of reclaiming the same, under the Act for the reclamation of swamp and overflowed lands, the fact that the Commissioners undertake to make an assessment, but the same is void, because only two of the three are present, does not authorize the Board of Supervisors to appoint new Commissioners to make a further assessment, or to direct the old Commissioners to make a further assessment.

APPEAL from the District Court, Tenth Judicial District, County of Colusa.

In 1871 a Swamp Land District was formed in Colusa county, under the Act of 1868, for the reclamation of swamp lands. The district was numbered 124. The plaintiffs here were appointed the trustees of the district, and Thomas Eddy, James Balsden and J. J. Hicock were appointed Commissioners to assess upon the different tracts of land, the expense of reclaiming the same. These Commissioners undertook to make an assessment, but in *The People* v. *Coghill*, (47 Cal. 362,) the same was held to be void. Part of those assessed paid their assessments before the decision in *People* v. *Coghill* was made. The estimated cost of reclaiming the district, was $49,210. The sums paid on the assessment were not sufficient to pay the amount expended into $16,915 16, so that it was claimed that the district was in debt said last named sum. After the decision in *People* v. *Coghill*, the persons assessed refused to make further payments. Under these circumstances the Trustees (the plaintiffs here), on the 18th day of November, 1874, petitioned the Board of Supervisors of Colusa county, to appoint three Commissioners to levy an assessment. The Trustees, in their petition, stated that the old Commissioners had no power to make another assessment. The Board of Supervisors denied the prayer of the petition. This was an application

to the District Court for a writ of mandate to compel the Supervisors to make the appointment, or to direct the old Commissioners to make a further assessment. The Court below denied the application, and the plaintiffs appealed.

The three thousand four hundred and fifty-ninth section of the Political Code, on which the application was based, provides that "if the original assessment is insufficient to provide for the complete reclamation of the lands of the district, or if further assessments are from time to time required to provide for the protection, maintenance and repair of the reclamation works, the Trustees must present to the Board of Supervisors, by which the district was formed, a statement of the work to be done, and its estimated cost, and the Board must make an order directing the Commissioners who made the original assessment, or other Commisioners to be named in such order, to assess the amount of such estimated cost as a charge upon the lands within the district, which assessment must be made and collected in the same manner as the original assessment."

*F. L. Hatch* and *Wm. Blanding,* for the Appellants.

Section 35 of the Act of March 28, 1864, (Stat. p. 516,) under which the district was formed and the former Commissioners were appointed, directs, that after viewing and assessing the lands, the Commissioners shall file a list in the County Treasurer's office.

The duty thus imposed is special, and when discharged, as by filing the list, the Commissioners were *functi officio,* and their power extinct. No citation of authorities is necessary to show that the power of an agent or appointee for a special purpose, is terminated by its execution. This is true of public as well as private agents. Here the performance was complete, but irregular in mode of execution. So the matter must stand until cured by a new delegation of authority to the same or other agent.

There is nothing in the Statute which takes the case out of the principle stated. The assessment list once filed with the County Treasurer, was final and binding on all parties, and payment in thirty days, or delinquency, was the result.

By filing the list, the Commissioners lost all control over their work. They could not withdraw it and substitute another. Nor can they do so even after a judicial determination that the assessment is illegal.

*J. T. Harrington* and *W. C. Belcher*, for the Respondents.

By the Act of 1868, no provision was made for the appointment of new Commissioners, and no power was given to the Supervisors to interfere with the assessment or the action of the Commissioners in any way. After the appointment of Commissioners, the Supervisors had nothing to do with the matter, unless the Trustees should present new estimates showing that the first tax was insufficient, and that a certain additional sum was necessary for the work, when they could make an additional levy, upon the assessment list already filed.

The Code, as amended at the session of 1873–74, makes substantially the same provisions in regard to the appointment of Commissioners and their duties as were made by the Act of 1868. (Political Code, secs. 3,456, 3,460, 3,461, 3,462, 3,466.) Sec. 3,459 of the Code, as amended, provides for the appointment of new Commissioners in certain cases.

This section authorizes action on the part of the Board of Supervisors only where the original assessment is insufficient to provide for the complete reclamation of the district, or additional assessments are necessary to provide for the protection, maintenance and repair of the works already constructed, and when these things have been brought to the attention of the Supervisors by the Trustees of the district, by a statement showing what work has been done, or remains to be done, and the estimated cost.

No attempt has been made to bring the plaintiffs under the provisions of Sec. 3,459. They had not filed the statement required by that section—had not shown that the original assessment was insufficient, or that additional assessments were required, to provide for the protection, maintenance, or repair of the reclamation works—had not shown

what work had been done, nor what remained to be done, nor the estimated cost of what remained to be done.

By the COURT:

The judgment was lately affirmed at the argument. Commissioners to view and make an assessment had been appointed by the Board of Supervisors in November, 1871. These Commissioners never made an assessment. Their only attempt in that direction was held in *People* v. *Coghill*, (47 Cal. 361;) to be void. Under these circumstances, the case provided for by Sec. 3,459 has not arisen, and no further duty in that behalf has been cast upon the Board of Supervisors.