[No. 3,906.]

THE PEOPLE *v.* A. J. COGHILL ET AL. AND CERTAIN TRACTS OF LAND.

COMMISSIONERS APPOINTED BY THE LEGISLATURE.—As a general rule, whenever the Legislature creates a Board of Commissioners, with discretionary power to decide upon matters of public interest, and has made no provision that a majority shall constitute a quorum, all must be present and consult, though a majority may decide.

COMMISSIONERS TO ASSESS SWAMP LAND.—When an Act, appointing Commissioners to assess swamp lands, provides that they shall jointly view and assess upon each acre a tax proportionate to the whole expense, all the Commissioners must be present, both in viewing and assessing the land; and if only a quorum are present, the assessment is void, even if the absent Commissioner was well acquainted with the land, and assented to the act of the majority by letter.

APPEAL from the District Court of the Tenth Judicial District, County of Colusa. The action was brought under the provisions of the Act of March 28th, 1868, "to provide

for the management and sale of the lands belonging to the State," to recover an assessment on certain swamp and overflowed lands belonging to the defendants, and situated in Reclamation District No. 124. The case was tried by the Court without a jury, and the facts stated in the opinion were found by the Court. Judgment was rendered for the defendants, and the plaintiffs appealed.

*S. D. Wall*, District Attorney, *E. L. Hatch* and *Wm. Blanding*, for Appellant.

It is undoubtedly a correct principle that a public duty may, unless the statute otherwise directs, be performed by a majority of those charged with the performance. In this case the statute is silent, and the principle is urged as a complete answer to the objection. (*Doughty* v. *Hope*, 3 Denio, 249–594; *Williams* v. *School District*, 21 Pick., 82; *Sprague* v. *Bailey*, 19 Pick., 436; *George* v. *School District*, 6 Met. 511.)

*Calhoun Benham*, also for Appellant.

*P. Vanclief*, for Respondents.

The statute under which these Commissioners acted differs from ordinary statutes of the kind, in that it expressly enjoins the joint action of all the Commissioners. And there never was any question that all must join in those acts thus expressly required to be jointly done.

Counsel for appellant say there was a compliance with the spirit of the statute in regard to viewing the land. But it is not perceived how this is to be made out, when it is expressly found that two of the Commissioners never "saw any portion of the land assessed to Coghill," and only a portion—the greater portion, it is said—of that assessed to other parties.

The authorities cited by appellant's counsel, as I understand them, are in favor of respondents.

By the Court, NILES, J.:

It appears from the findings that of the three Commissioners, Balsden, Eddy and Hicock, appointed by the

Board of Supervisors, only two—Eddy and Hicock—went upon or viewed the land for the purpose of assessing the same.

It appears, further, that at the time and place appointed by the Commissioners for a meeting to levy the assessment, only Commissioners Eddy and Balsden were present, Hicock being sick and unable to attend. The entire business of the assessment was transacted by the two members present, Hicock doing no more than to write to the others that he would agree to an assessment to be made in accordance with a mutual understanding previously had. The validity of the assessment thus made is now in question.

We think the assessment was clearly illegal. There are many authorities to the effect, that, as a general rule, where the legislature has created a Board of Commissioners, and conferred discretionary powers to decide upon matters of public interest, but has made no provision that a majority shall constitute a quorum, all must be present and consult, though a majority may decide. (*Grindley* v. *Barker,* 1 B. & P., 229; *Crocker* v. *Crane,* 21 Wend. 218; *Babcock* v. *Lamb,* 1 Cow., 239; *Ex parte Rogers,* 7 Cow. 526, note A and cases cited.) But be that as it may, the peculiar provisions of the thirty-third section of the Act "to provide for the management and sale of the lands belonging to the State," under which these proceedings were had, are decisive of the question. It provides that "the Board of Supervisors, to whom the report shall be made, shall appoint three Commissioners, who shall jointly view and assess upon each and every acre to be reclaimed or benefited thereby, a tax proportionate to the whole expense, and to the benefits which will result from such works," etc. (Stat. 1867-8, 516.).

The legislature having so distinctly declared that both in the acts of viewing and assessing, the Commissioners should act jointly, there can be no doubt that either of these acts performed by less than all of the members would be invalid.

It does not affect the question that Commissioner Balsden was well acquainted with the swamp and overflowed

land of the district, or that Commissioner Hicock signified, by letter to the Board, on the day of its meeting, his assent to an assessment previously agreed upon. The requirement of the statute is unequivocal that the Board must act jointly, and the reasons for the failure to comply with the requirement cannot be material.

We are of opinion that the assessment was invalid upon the grounds stated, and the action to recover the assessment cannot be maintained. This renders it unnecessary to discuss other points made upon the appeal.

Judgment affirmed.