[No. 3,363.]

## THE PEOPLE *v.* GEORGE HAGAR ET AL.

COMMISSIONERS TO ASSESS LAND.—If a Board of Commissioners is created by statute to assess a tax upon swamp and overflowed land for the purpose of reclaiming the same, and the statute requires such Board to jointly view and assess the land, all the commissioners must be present, and they must jointly view and assess, or the assessment will be void.

IDEM.—If such Board of Commissioners, in their report, state that they jointly viewed and assessed the land, when in fact they were not all present, the report is not conclusive of the question if the statute does not require them to thus report, nor even *prima facie* evidence of the fact, but the assessment may be attacked in a collateral action to recover the tax.

IDEM.—The question not decided whether such report would be conclusive if the statute required the Commissioners to report that they jointly viewed and assessed the land.

APPEAL from the District Court, Sixth Judicial District, Yolo County.

The Act of March 28, 1868, entitled an Act to provide for the management and sale of lands belonging to the State, provides that whenever an unreclaimed body of swamp

and overflowed land is susceptible of one mode of reclamation, that upon a petition, signed by a majority of acres, the Board of Supervisors may form the same into a district, and that such majority may then adopt by-laws and elect a Board of Trustees to manage the reclamation, which Board shall employ engineers to survey and make a plan of the reclamation, and shall then report to the Board of Supervisors the probable cost of the work. That upon such report being made the Board of Supervisors shall elect three Commissioners, who shall jointly view and assess on each acre of land in the district a tax proportionate to the whole expense, and to the benefits which would result from such works. Under the provisions of this Act, District No. 108 was organized in Yolo and Colusa counties, containing seventy-four thousand and eighty-five and eighty-seven one-hundredths acres, and William Minis, John M. Kelly, and W. F. Goad were appointed Commissioners to assess the tax. The defendants owned land within the district, and having failed to pay the tax assessed on the same by the Commissioners, this action was brought March 21, 1871, to recover the same. The Court below rendered judgment for the defendants and the plaintiff appealed.

The other facts are stated in the opinion.

*J. C. Ball, J. R. McConnell* and *Wm. Blanding*, for the Appellants.

The Board of Supervisors, having by means of the petition acquired jurisdiction of the subject-matter thereof, their determination of all questions there including those of title, and the character of the land, is final and conclusive, even in a proceeding instituted for the purpose of avoiding it. (Practice Act, secs. 456, 458; *Central P. R. R. Co.* v. *Placer County*, 34 Cal. 361, 362; *People* v. *Hester*, 6 Cal. 679; *Whitney* v. *Board of Delegates*, 14 Cal. 500; *Crepps* v. *Durden*, Cowper's Rep. 640; same case, Smith's Leading Cases, 6th American ed. vol. 1, part 2, pp. 971, 1039.) Admitting that the judgment of the Board in this cause, might be reached and avoided by *certiorari*, or other similar proceeding, the same result cannot be attained in this action

for the recovery of the assessment, which is altogether collateral in character. In support of this view, in addition to the authorities cited above, we especially refer the Court to the case of *Cooper* v. *Sunderland* (3 Iowa, 115), where the whole subject is lucidly and learnedly discussed.

The sworn return of the Commissioners is conclusive, and cannot be controverted or impeached by evidence *aliunde* in any collateral proceeding. (Act of 1868, secs. 33, 35.) This point is in effect identical with those before made respecting the action of the Board of Supervisors. It is evident that the same reasoning and authorities apply to the two cases; and if the action of the Board cannot be attacked collaterally, neither can that of the Commissioners.

*W. C. Belcher*, for Respondent.

Counsel for plaintiffs say in their points: "that the sworn return of the Commissioners is conclusive, and cannot be controverted or impeached by evidence *aliunde* in any collateral proceedings." The returns of assessors are *prima facie* correct, but they are only so *prima facie*, and may be contradicted by competent evidence whenever they are produced as evidence of the matter returned. Unless the statute provides otherwise, the rule is inflexible that assessors must pursue their authority strictly. The Commissioners in this case did not do so, and the tax assessed by them has no validity for any purpose; the assessment returned by them was no assessment.

In Courts of general jurisdiction, want of jurisdiction must appear upon the face of the record (*Carpentier* v. *Oakland*, 30 Cal. 430), but in Courts and tribunals of inferior and limited jurisdiction it is incumbent on the party asserting a right under their judgments to show affirmatively that they had jurisdiction. (*King* v. *Randlett*, 33 Cal. 318; *Jolley* v. *Foltz*, 34 Cal. 321; *Finch* v. *Tehama County*, 29 Cal. 454; *Commissioners' Court of Talladega* v. *Thompson*, 18 Ala. 694.) And though the record shows jurisdiction, it may be shown by parol that it either had not jurisdiction or exceeded its jurisdiction. The record is only *prima facie* evidence on questions of jurisdiction. (*Wise* v. *Withers*, 3 Cranch, 331;

*Griffith* v. *Frazier*, 8 Cranch, 9; *Barber* v. *Winslow*, 12 Wend. 102; *Smith* v. *Rice*, 11 Mass. 507, 513; *Buell* v. *Trustees of Lockport*, 4 Selden, 55, 58; *Adams* v. *S. & W. R. R. Co.*, 11 Barb. 414, 456; *Butler* v. *Mayor of New York*, 7 Hill, 329.)

*George Cadwalader*, also for the Respondent.

By the Court, CROCKETT, J.:

The Court finds that the Commissioners "did not jointly view and assess the land upon which the tax in suit was assessed; but made their return upon their assessment roll, that they had jointly viewed and assessed it." In *People* v. *Coghill* (47 Cal. 361), we held that a failure by the Commissioners to jointly view and assess the land was fatal to the assessment, and we adhere to that opinion.

It is contended that the return by the Commissioners on the assessment roll, that they had jointly viewed and assessed the land, is conclusive on that point, in a collateral action, and that all proof to the contrary should have been disregarded. Whatever may have been the rule, if the statute had required the Commissioners to state in their certificate to the assessment roll that they had jointly viewed and assessed the land, it is clear that the certificate can have no such conclusive effect, unless it was incumbent on the Commissioners, to certify that they acted jointly in viewing and assessing the land. But as the statute does not require them to state that fact in the certificate, their having voluntarily done so, was a superfluous act; and instead of being conclusive of the fact that they acted jointly, was not even *prima facie* evidence of it.

Judgment affirmed. Remittitur forthwith.

Neither Mr. Justice RHODES nor Mr. Justice NILES expressed an opinion.