# THE PEOPLE OF THE STATE OF CALIFORNIA v. JOHN M. AHERN et al.

Assessment of Swamp Lands.—Commissioners appointed under the Act of March 24th, 1868, for the purpose of viewing and assessing swamp lands in order to reclaim the same, must jointly view and assess the same, or the assessment is void.

IDEM.— Sec. 3456 of the Political Code does not change this rule.
SPECIAL ACT OF THE LEGISLATURE.—The question not decided whether, when a swamp land district has been assessed under a general act for purposes of reclamation, a special act of the Legislature, legalizing an assessment made under the law, is constitutional.

APPEAL from the District Court, Sixth Judicial District, City and County of Sacramento.

Action commenced on the 27th day of March, 1874, to recover an assessment levied on a tract of swamp and overflowed land on Sherman Island, County of Sacramento, in Swamp Land District No. 50. The district was organized in 1865, under the Act of April 2nd, 1866. (Statutes 1865–66, p. 799.) All the papers connected with the district were by the State Board of Swamp Land Commissioners transferred to the Board of Supervisors of the County of Sacramento. Said Board of Supervisors in July, 1866, organized as a County Board of Swamp Land Commissioners. August 13th, 1867, a petition was presented to the Board to levy an assessment to reclaim the land. The land-owners in said district, in accordance with the provisions of sec. nineteen of the Act of April 1st, 1872, entitled "An Act to provide funds for the further reclamation of Swamp Land Districts Numbers 50 and 54, in Sacramento County, within thirty days after the passage of said act, filed with the Reclamation Fund Commissioners their assent in writing that their land should come under the provisions of said act." This act provided that the Auditor and Treasurer and the Presidents of the Boards of Trustees of the respective swamp land districts should constitute boards to be known as the Reclamation Fund Commissioners of Swamp Land Districts fifty and fifty-four, and that they should report to the Board of Supervisors the cost of further reclamation required in each of said districts, and that bonds should be issued for amount theretofore paid for reclamation, and the estimated amount required for further reclamation. The Board of Supervisors were to appoint Assessment Commissioners, who were to assess and levy assessments to pay the principal and interest of the bonds. The nineteenth section provided that the act should only apply to such land as the owners thereof should, within thirty days after the passage of

the act, file with the Reclamation Fund Commissioners their assent in writing that his or her land should come under its provisions. An assessment was levied in the district for purposes of reclamation; but the sum raised proved insufficient, and on the 3rd day of July, 1872, the Trustees made application to the Board of Supervisors to levy an additional tax on the lands of the district in the sum of $78,800, for the purpose of completing the work of reclamation. The Board of Supervisors appointed three commissioners to jointly view and assess the land, and an assessment was made under which the present suit originated. It seems that there were defects or supposed defects in the proceedings, and the Act of March 4th, 1874, referred to in the opinion, was passed, attempting to legalize certain defects or errors. The Court rendered judgment in favor of the plaintiff, and the defendants appealed. The other facts are stated in the opinion.

*S. F. & L. Reynolds* and *M. A. Edmonds*, for the Appellants.

No view at all was had of the lands by any of the Commissioners, and the three never met together for its approval. To call such a thing an "assessment" would be a perversion of the language; and for the Legislature to attempt to legalize it would be an unwarrantable assumption of power, such as no reported case has yet been found to uphold. Retroactive legislation can only be sustained in aid of justice and right—never in aid of injustice and fraud. (*Conway* v. *Cable*, 37 Ill. 82; *White Mountain R. R. Co.* v. *White M. R. R. Co. of N. H.* 50 N. H. 50; Cooley on Const. Lim. 379; *People* v. *Goldtree*, 44 Cal. 325.)

*C. T. Jones*, District Attorney, *W. H. Patterson*, and *E. M. Martin*, for Respondent.

By the COURT:

The Court finds that the Commissioners "did view and jointly levy and assess," etc.; but fails to find that they *jointly* viewed the land. On the motion for a new trial this finding was at-

tacked on the ground that it was not justified by the evidence, and we think the evidence adduced by the plaintiff affirmatively shows that there was no viewing of the land by the Commissioners either jointly or severally, nor any joint assessment. If there was any evidence to support the finding, our attention has not been called to it by counsel. Such an assessment cannot be supported, either under the Act of March 28th, 1868, or the Political Code. (*People* v. *Coghill*, 47 Cal. 363; *People* v. *Hagar*, 49 Cal. 229; Political Code, sec. 3456.)

If it be conceded that special legislation like that contained in the Act of March 4th, 1874, (Stats. 1873-4, p. 273) in respect to a particular reclamation district, can be supported on constitutional grounds, (a point not necessary to be decided in this case) it is enough to say of this statute that it does not purport to legalize this assessment in this particular.

Judgment and order reversed and cause remanded for new trial.