[Civ. No. 612.   Third Appellate District.—November 30, 1909.]

P. B. WESTERMAN, Appellant, v. B. L. CLELAND et al., Members of and Constituting the Board of Education of Mendocino County, Respondents.

HIGH SCHOOL—SALARY OF PRINCIPAL TEACHER—TERMS OF EMPLOYMENT—MANDAMUS—SUPPORT OF FINDING.—Upon application by the principal teacher of a high school to the superior court for a *mandamus* to a county board of education to compel payment of the residue of his salary of $1,500 for a full year's employment as such principal teacher, where the superior court found upon sufficient evidence that his employment was by the month at $150 per month for no fixed time, and that the school was closed for cause at the end of nine months, and that he was fully paid for the time served, the judgment of the superior court refusing the writ of mandate must be affirmed.

ID.—INADMISSIBLE EVIDENCE—EMPLOYMENT OF OTHER PRINCIPALS.—The court properly refused to allow inadmissible evidence to show the

terms of the employment of other principal teachers of the high school. Such evidence was irrelevant and immaterial to the contract for plaintiff's employment.

ID.—PRIMA FACIE EVIDENCE.—An entry upon the minutes of a salary of $1,500 per year, based upon an estimated term of service of ten months at the rate of $150 per month, constitutes mere *prima facie* evidence of an employment for that term of service, which may be overcome by proof that the employment was only at the rate of $150 per month for the time actually served, as explanatory of the entry.

ID.—CODE RULES—ENTRIES IN OFFICIAL BOOKS—PRIMA FACIE EVIDENCE TO BE OVERCOME BY PROOF.—The Code of Civil Procedure constitutes the entries in public or official books or records made in the performance of official duty by a public officer *prima facie* evidence of the facts stated therein (sections 1920 and 1926), and *prima facie* evidence is defined in section 1833 thereof to be that which suffices for the proof of a particular fact until contradicted or overcome by other evidence.

ID.—DISCHARGE OF PLAINTIFF FROM SERVICE.—It is immaterial that the school trustees contemplated a ten months' term of service, at the rate of $150 per month, if the contract was that plaintiff was to be paid $150 per month only for such time as he taught the school. The order made closing the school at the expiration of nine months operated to discharge him from further service, and he could recover no further compensation.

ID.—FAILURE OF PROOF—CONTRACT FOR FULL SCHOOL YEAR.—If it had been proved that the contract was for a full school year of ten months, and that his pay was to be for a full school year, he might have enforced the same; yet the plaintiff himself proved no such contract, and the explanatory evidence of the defendants proved otherwise.

APPEAL from a judgment of the Superior Court of the County of Mendocino. J. Q. White, Judge.

The facts are stated in the opinion of the court.

J. E. Pemberton, and Mannon & Mannon, for Appellant.

Robert Duncan, District Attorney, for Respondents.

CHIPMAN, P. J.—*Mandamus.* Petitioner alleged that he was employed by defendants as a teacher and principal of the Ukiah High School for the year ending June 30, 1907, "at a fixed and agreed salary of $1,500 and petitioner accepted

such employment''; that he performed all the duties required of him as such principal during said year for which he received the sum of $1,350 and no more, and there is now due him the further sum of $150. He prays for the peremptory writ of the court commanding the defendants "to draw and deliver to petitioner their order on the county superintendent of schools of the said county for the sum of $150 payable to petitioner out of the County High School Fund.'' Defendants deny that petitioner was employed by defendants as a teacher or principal of said school "for and during the year ending June 30, 1907, or for any greater period of time than the pleasure of said board of education at a fixed or agreed salary of $1,500, or for any other compensation greater than $150 per month for each month that said petitioner should actually teach.'' It is further averred in the answer "that it was understood and agreed by and between said petitioner and said board of education that his salary and full compensation was to be $150 per month for the actual time served by him as such teacher and principal as aforesaid; that said petitioner under such employment, actually served for the period of nine months and received therefor in full payment, the sum of $1,350.'' It is further averred that for reasons set forth the board of education, on May 10, 1907, duly passed a resolution "that said school should be closed for the year on the thirty-first day of May, 1907, and that notice of such order and resolution was duly and properly and within the time required by law, served upon said petitioner, . . . and . . . said board of education, for the best interest of said high school, ordered the same closed, as herein alleged and the said school was closed on the thirtieth day of May, 1907; that said petitioner was thereupon discharged; . . . that for each month during the time that he served as such teacher and principal, he accepted and received the sum of $150, as full payment for each month's services, and signed receipts therefor.'' It is also alleged that petitioner failed to perform his duties in many particulars as set forth, but the court found the fact to be otherwise and this feature of the answer need not be further noticed.

Except as above stated the court made findings of fact substantially as alleged in the answer. Plaintiff appeals from

12 Cal. App.—5

the judgment on transcript of the reporter's notes, contending that the findings are not supported by the evidence in respect of the time for which petitioner was employed and the salary to be paid. Plaintiff offered in evidence the minutes of July 2, 1906, and they were admitted over defendants' objection as irrelevant and immaterial. They related exclusively to the salaries for the several teachers of the Mendocino High School. The entry claimed to have some bearing upon the matter reads: "Principal, Robert Butter, at a. salary of $1,500." Other entries concerning other teachers follow in like form. The minutes for the next day were then admitted and read as follows: "July 3d, Ukiah High School. Principal, P. B. Westerman, $1,500." Other similar entries follow as to other teachers. There is a minute entry relating to the time for beginning the Mendocino High School and then follows this entry: "High School (—not designating which High School—) To open Sept. 10th, 3¾ mo. term—one week's vacation—begin Dec. 31st, a mid term vacation of one week—school to close June 30th." The next entry introduced read as follows: "May 10, '07. The following resolution was adopted: Resolved, that the Ukiah High School be closed the 31st day of May, 1907, on account of the lack of harmony among the members of the faculty in said school, and for the further reason that the general disorder and lack of good discipline in said school is causing a serious injury to the school, and further that due notice to close said Ukiah High School on the 31st day of May, 1907, be sent to the principal of said high school by the secretary of this board, and through the principal to the several teachers of the school." It appears from the testimony of plaintiff that after the board had agreed upon his appointment he called upon the board—"dropped in," as he expressed it—"and the board fixed the calendar for ten months' term, it ran up to June 28th, they had considerable difficulty getting the calendar so as to get in ten months." On cross-examination he testified that all the notice he received of his appointment was orally given. "I just went in and shook hands with them, thanked them for the appointment, that is about all there was to it." He testified to nothing relating to the terms of his

appointment—either as to his salary or any specified time of employment and upon the foregoing rested his case. A motion for nonsuit was denied and defendants called plaintiff as a witness, who admitted that there was nothing said to him as to the length of time he was to be employed nor as to his compensation. He inferred that there would be the usual ten months' term. Witness testified to having received pay monthly for his entire service of nine months, at $150 per month, on requisitions and orders which were identified by witness and introduced in evidence. On the form of these orders is printed the following: "Note. All claims except for teachers' and janitors' salaries must be itemized on the back hereof, or on a bill attached hereto, which are hereby made a part of the order for such claims. Orders for teachers' salaries must give the time taught, and the monthly salary paid. Likewise, monthly salary of janitor." Then follows one of the orders, dated October 6, 1906, directing the county superintendent of schools to draw a requisition on the county auditor against the state school fund in the amount of $150, "in favor of P. B. Westerman, or order, for teaching from Sept. 10 to Oct. 5, during the school year ending June 30, 1907, in the Ukiah High School District. Monthly salary of teacher, $150. Note. Claim for which this order is given was allowed in pursuance of an agreement made at a meeting of this board on the —— day of ————, 19 —." (Signed by the board.) This order went to the county superintendent for approval and from him to the county auditor who approved and ordered it paid by the county treasurer. Indorsed on back: "P. B. Westerman." There were nine of these in substantially the same form, on which plaintiff was paid $150 monthly.

Witness Cleland, a member of the board, testified that at the meeting when plaintiff was employed the question of salary was talked about. "Q. What was said at that time in regard to his (P. B. Westerman's) salary, principal of the high school? A. One hundred and fifty dollars a month." He was asked on cross-examination why the minutes read as they do, and answered that he could not tell, for he did not make the entry and had no recollection of having heard the minutes read. "Q. You wouldn't attempt to name a person who said a word about monthly salary? A. I know it was

talked, I know I did myself for one. . . . Q. Well, it was an employment for ten months, wasn't it? A. No, sir; it was employment for principal of the Ukiah High School. . . . Q. For how long? A. No time set." He could not remember that any motion was made fixing salary. "It was talked over and discussed. . . . Q. You didn't tell Mr. Westerman he was employed at $150 a month, did you then? A. I don't know. I usually talked to him about it." He testified that the school "had been run on a ten months' basis for several years." It was admitted that plaintiff received notice of the resolution to close the school at the end of May, shortly after its passage, and also read the minute entry, but it was claimed that it did not purport to discharge plaintiff or have that effect. The school was in fact closed pursuant to the order.

Mr. Cotton, a member of the board, testified that he was present July 3, 1906, when plaintiff was employed. He testified: "Q. What salary did the board determine upon for Mr. Westerman as principal of the high·school, what he should receive? A. One hundred and fifty dollars per month." Mr. Greenough, another member of the board, then present, testified that there was nothing said "in substance or effect that Mr. Westerman was employed up to June 30, 1907." He also testified that the board at that meeting, July 3, 1906, fixed plaintiff's salary at $150 per month, and that it was the intention to continue the salary as it had been previously. It was admitted that a ten months' school had been decided upon by the board.

Plaintiff, in rebuttal, over defendants' objection, introduced certain minutes of the board for 1903, 1904 and 1905. The minute entry for July 1, 1903, recorded the election of teachers. As to salary the entry was: "L. W. Babcock, principal, salary $1,500 per year," and like entry as to other teachers. The minute entry of July 2, 1904, showed that a resolution was passed "that the salary of the principal of the Ukiah High School be $1,500 per year." The minute entry for July 1, 1905, read: "L. W. Babcock, principal, salary $1,500." Objection was made to these minutes as irrelevant and immaterial, on the ground that the contract with plaintiff for 1906-07 could not be established "by proving a contract two years before with somebody else. . . . The Court: That is correct. Objection overruled." Having

held with defendants that these previous minutes would not establish the express contract sued upon, the court probably overruled the objection on some other ground not disclosed. Upon the point, it was held in *Swafford* v. *Board of Education*, 127 Cal. 484, [59 Pac. 900], that "Evidence of employment of plaintiff's predecessor at the same monthly salary, and of his continuing to act for one year, and the wages paid plaintiff as his successor, is irrelevant and immaterial, and does not tend to prove the contract alleged."

It will be observed that plaintiff nowhere testifies or shows otherwise that he was ever told what salary he was to receive or the period of his employment. He relies on the minute entry of July 3, 1906, and inferences to be drawn therefrom and from other minute entries in other years and of July 2, 1906. The entry of July 3d alone is wholly insufficient to establish a contract such as is pleaded. Unexplained, it is meaningless. The admitted facts that he taught the school as principal, was paid $150 per month for nine months, which was at the rate of $1,500 for a school year of ten months, with such inferences as might be drawn from all the minute entries admitted in evidence, if they may be considered, would probably be sufficient, without further evidence, to support his claim. But there was the uncontradicted testimony of members of the board of education, that plaintiff was employed at the monthly salary of $150, and was not employed for any specific period of time; that the school was closed at the end of nine months, and plaintiff performed no service thereafter. If the minute entry of July 3, 1906, had stated what is claimed in the complaint—that plaintiff was employed for one year to be paid $1,500 for the year—the question raised by appellant that the minutes could not be impeached or contradicted might be considered. The minute entry, however, fails to import on its face such a contract as is claimed for it, or, indeed, any contract at all, and it was competent for defendants to show what the contract was—not as contradicting the minutes, but as explanatory thereof.

Appellant cites many cases to show that the minutes of the board of trustees cannot be impeached or varied in a collateral proceeding. Our Code of Civil Procedure makes the entries in public or official books or records, made in the performance of official duty by a public officer, *prima facie* evi-

dence of the facts stated therein (Code Civ. Proc., secs. 1920, 1926) ; and *prima facie* evidence is defined in section 1833, Code of Civil Procedure to be "that which suffices for the proof of a particular fact until contradicted or overcome by other evidence." (See *Swamp Land Dist.* v. *Gwynn,* 70 Cal. 566, [12 Pac. 462] ; *Swamp Land Dist.* v. *Wilcox,* 75 Cal. 443, [17 Pac. 241].) We do not think it necessary to affirm or deny the correctness of appellant's position. Appellant concedes that the cases hold that something actually done, but omitted from the record entirely, may be proved orally as not really contradicting the record. In the entry purporting to authorize plaintiff's employment the record is: "July 3d. Ukiah High School. Principal, P. B. Westerman, $1,500." In itself this entry does not establish a contract of employment for the specified time of one year at a salary of $1,500, as alleged in the complaint. Plaintiff found it necessary to introduce the minutes of other years in an endeavor to explain what was here meant. Defendants introduced evidence, not to contradict the record, but to supply facts entirely omitted from it. This, we think, it was competent for defendants to do.

Appellant claims that his case is identical with *Williams* v. *Bagnelle,* 138 Cal. 699, [72 Pac. 408]. In that case "the contract of plaintiff with the trustees was to teach one year from July 5, 1899, at a salary of $1,000, payment to be made by drawing requisitions upon the county superintendent of schools." As we understand the facts in that case, the provisions of the contract were not disputed, except as to the meaning of the term "year," which the court held to mean "school year." The year for which the teacher was engaged it was expected would last nine months, and the trustees apportioned the monthly salary on a basis of nine months' school—i. e., for each month plaintiff was given a requisition for one-ninth of his salary. The trustees recognized the mistake made and, agreeably to their contract, drew their warrant for the remaining one-ninth of the salary. The county school superintendent refused to issue a requisition. The questions decided in that case settle most of the questions arising in the present case, and appellant could with much confidence rest upon that decision if his facts warranted it. The trial court, however, upon sufficient evidence,

found that the contract averred in the complaint was never made and that the employment was at a monthly salary for no specified time. That the trustees contemplated a ten months' term and did not order otherwise until in May, 1907, is not inconsistent with the fact proven that plaintiff was to be paid $150 per month for such time only as he taught the school. The order made to close the school the last day of May operated plaintiff's discharge. If the contract had been for the full school year of ten months and his pay to be for a full school year, the case cited would seem to sustain plaintiff, whether the school remained open and whether he was or was not discharged. No such contract, however, was proven.

Respondent makes the point that section 1699 of the Political Code prescribes the remedy, and the only remedy, to which plaintiff could resort, and therefore the writ will not lie. *Williams* v. *Bagnelle, supra,* construes this section, but the decision does not quite touch the point. We do not think it necessary to consider the question.

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 27, 1910.