[Civ. No. 2667. Third Appellate District.—September 16, 1925.]

## JACK McFAYDEN, Respondent, v. TOWN OF CALISTOGA (a Municipal Corporation), Appellant.

[1] MUNICIPAL CORPORATIONS — RENTAL OF TRUCK — VOID CONTRACT— RIGHT TO RETURN — USE WITH KNOWLEDGE OF CONDITION. — The contract between plaintiff and defendant municipal corporation for the rental to the latter of an automobile truck having been void, defendant was not bound to keep the truck for any fixed period, but it had the absolute right to return it to plaintiff at any time and thus avoid further liability for its use; and where defendant continued to use the truck after discovery of its condition, such use was not induced by any false statement of plaintiff with reference thereto.

[2] ID.—CONDITION OF TRUCK—EVIDENCE—REASONABLE COMPENSATION. In this action against a municipal corporation for rental of a truck and for damages for the negligent use and care thereof, the contract for the rental of the truck having been void, evidence as to the condition of the truck at the time of delivery was admissible as bearing upon the compensation to which plaintiff was entitled for the use thereof.

[3] ID.—NEGLIGENT USE OF TRUCK — DAMAGES — EVIDENCE. — In such action, the evidence having failed to show that defendant's use of the truck was negligent or that its condition upon redelivery was due to any cause other than the ordinary wear naturally resulting from the work contemplated by both parties, plaintiff's claim for damages was unsupported.

[4] ID.—REASONABLE VALUE OF USE—EVIDENCE.—In such action, the measure of compensation to which plaintiff was entitled, in the

---

3. See 3 Cal. Jur. 43.

absence of proof of negligence, was the reasonable value of the use of the truck in the work contemplated by the parties and to which it was in fact put by defendant, taking into consideration its condition and capacity and the character of such work.

[5] Id.—Special Meeting Without Notice—Instructions.—In such action, a resolution of the board of trustees purporting to authorize the signing of the contract having been adopted at a special meeting, notice of which was not given and only three of the members having been present thereat, the court erred in admitting the contract in evidence and in refusing to give defendant's requested instruction that the agreement was "not a binding obligation on the town . . . nor are any of the recitals or conditions in said agreement in any way binding upon them if you find from the evidence that no notice of the special meeting . . . was ever given to . . . one of the town trustees, and that he was not present at said meeting."

[6] Id. — Purchase of Truck — Postponement of Payment — Constitutional Law.—A contract for the sale to a municipal corporation of a truck is violative of the provisions of section 18 of article XI of the constitution where the consideration is fully furnished by the seller upon the execution of the contract and the delivery of the truck, and the time of payment is postponed beyond the fiscal year in which the contract is signed.

[7] Id.—Repair of Truck Without Notice—Absence of Offset.— The repairs to the truck having been made by defendant municipal corporation without notice to plaintiff or request that he make them, defendant's claim of offset in the sum expended by it for repairs was without merit.

[8] Id.—Right to Rent Truck — Implied Contract for Rent — Constitutional Law.—While the contract made in violation of section 18 of article XI of the constitution was void and incapable of ratification, the trustees could have made a valid contract for the use of plaintiff's truck at an agreed rental therefor, and where they accepted delivery of the truck and used it, defendant was liable, not on the void contract made, but on its implied contract to pay the reasonable value of such use; but even such implied contract was subject to the constitutional inhibition against incurring an indebtedness in any year in excess of the revenues thereof.

5.  See 18 Cal. Jur. 893.
6.  See 18 Cal. Jur. 884.
7.  See 3 Cal. Jur. 21.
8.  See 18 Cal. Jur. 1000.

[9] ID.—MEETING OF BOARD—BUSINESS TRANSACTED—PAROL EVIDENCE. The minutes of a meeting of a board of town trustees are *prima facie* evidence of the business transacted thereat, but parol evidence is admissible for the same purpose.

(1) 6 C. J., p. 1105, n. 59; 38 Cyc., p. 640, n. 48 New. (2) 6 C. J., p. 1162, n. 26. (3) 6 C. J., p. 1122, n. 65, p. 1162, n. 33. (4) 6 C. J., p. 1131, n. 79 New. (5) 38 Cyc., p. 637, n. 3. (6) 38 Cyc., p. 643, n. 3. (7) 6 C. J., p. 1117, n. 19 New. (8) 38 Cyc., p. 636, n. 95, p. 639, n. 37 New, p. 643, n. 3. (9) 22 C. J., p. 806, n. 55, p. 1013, n. 59.

APPEAL from a judgment of the Superior Court of Napa County. Percy S. King, Judge. Reversed.

The facts are stated in the opinion of the court.

Wallace Rutherford for Appellant.

Herbert V. Keeling and E. S. Bell for Respondent.

FINCH, P. J.—The complaint alleges that on the twenty-fifth day of November, 1919, "the plaintiff delivered to the defendant for hire" a truck; that continuously thereafter until the sixth day of September, 1920, the defendant "had the possession of said truck, and during such period of time used the same on and upon the public streets and highways of said town, and in the municipal work thereof; that, on or about the said 6th day of September, 1920, defendant notified plaintiff that it would redeliver the possession of said truck to him, and thereupon plaintiff did receive the possession thereof from defendant; that the sum of $5160 was and is a reasonable sum for hire of said truck during the aforesaid period of time"; that the plaintiff duly filed and presented his claim for said sum, but that the trustees of the defendant refused to allow any part thereof; that "at the time of the creation of said indebtedness and at the time (of) the presentation of the claim therefor . . . there were funds in excess of the available money in the treasury that could have been legally apportioned and appropriated for the purpose of paying said claim"; and that plaintiff has

9. Parol evidence as to transactions at council meeting, note, 13 Am. St. Rep. 551. See, also, 19 R. C. L. 903.

been paid but $500 of said indebtedness. For a second cause of action the complaint alleges that the defendant, "through its neglect, carelessness and ill-use" of the truck, damaged it in the sum of $513.44.

The answer admits that the defendant used the truck "for a period of not exceeding forty days"; denies all the other material allegations of the complaint; and alleges that the president of the board of trustees and the town clerk, in the name of defendant, entered into the contract hereinafter considered; that plaintiff was thereupon paid the sum of $500 as a first payment thereon; that neither the execution of such contract nor the payment of said money was authorized by defendant; that at a regular meeting of the board, prior to the execution of the contract, the plaintiff misrepresented the qualities and condition of the truck; that the "truck was in a run-down condition and many of the parts of said truck . . . were in poor repair and were in a worn out condition" at the time it was delivered to defendant; that, by reason of such condition, the defendant necessarily expended the sum of $575.82 "in labor and repairs on said truck, in replacing broken and worn out parts"; and "that the use of said truck . . . was more than amply repaid by the expenditures made . . . in repairing said truck." The defendant also filed a cross-complaint for the recovery of the said sum of $500 alleged to have been illegally paid to plaintiff at the time of the execution of the contract. Verdict and judgment went for plaintiff in the sum of $1,700 and this appeal is from the judgment.

The complaint is based upon the theory that the contract executed in the names of the parties is void and respondent states in his brief on appeal that the contract "was undoubtedly void." In his reply brief counsel for appellant states: "We admit, if the truck had been in proper condition, and could have done the work it was delivered to the town to do, and there were available funds, the town would have to pay a reasonable rental for its use."

[1] The defendant's alleged defense of false representations is without support in the evidence. The contract being void, the defendant was not bound to keep the truck for any fixed period, but it had the absolute right to return it to the plaintiff at any time and thus avoid further liability for its use. Within a few days after its delivery the defendant discovered its condition. It did not return the

truck or notify plaintiff of its condition or request him to put it in a condition fit for use, but caused the truck to be repaired and thereafter used it for many weeks. The evidence is conflicting as to whether the condition of the truck which made such repairs necessary existed at the time of its delivery to defendant or resulted from its use by defendant. The evidence tending to show the falsity of the representations made by the plaintiff is very weak, but, if it were otherwise, the defendant's continued use of the truck after discovery of its condition shows that such use was not induced by the alleged representations. One cannot be misled by a false statement after he has learned that it is false. [2] Evidence was admissible, of course, of the condition of the truck at the time of its delivery as bearing upon the compensation to which plaintiff is entitled for the use thereof.

[3] The evidence does not support plaintiff's claim for damages. It fails to show that the defendant's use of the truck was negligent or that its condition upon redelivery was due to any cause other than the ordinary wear naturally resulting from the work contemplated by both parties. "The hirer of a thing must use ordinary care for its preservation in safety and in good condition." (Civ. Code, sec. 1928.) "The hirer of a thing must repair all deteriorations or injuries thereto occasioned by his want of ordinary care." (Civ. Code, sec. 1929.) Respondent states in his brief that the appellant left the truck exposed to the weather from April to September, 1920, but the plaintiff's witnesses assigned other causes as the basis if their testimony to the effect that the truck was in a damaged condition when redelivered, and there is no evidence to show that such damage was caused by exposure to the weather. [4] The measure of compensation to which the plaintiff is entitled, in the absence of proof of negligence, is the reasonable value of the use of the truck in the work contemplated by the parties and to which it was in fact put by defendant, taking into consideration its condition and capacity and the character of such work. To add to such compensation the cost of repairs not made necessary by defendant's want of ordinary care or the use of the truck for a purpose not contemplated by the parties would be to award double compensation. The question of plaintiff's right to recover the alleged damages was submitted to the jury without any instruction that such

damages could be awarded only on proof of want of ordinary care by the defendant.

[5] On the twenty-fifth day of November, 1919, there was held what purported to be a special meeting of the board of trustees. Notice of the meeting was not given to the trustees and only three of them were present thereat. The trustees in attendance adopted a resolution purporting to authorize the purchase of the truck involved in this action and pursuant to such resolution the president of the board and the town clerk executed the contract hereinbefore referred to. The contract provided for the lease of the truck to defendant for twenty-six months at a rental of $3,500; $500 thereof to be paid upon the execution of the contract, $1,500 January 1, 1921, and $1,500 January 1, 1922, "with interest on the deferred payments of six per cent from date until paid." The contract contained the following terms:

"The lessee admits receipt of said personal property in good order and condition and in the event that any installment of rent shall not be paid when due hereby agrees to deliver the same to the lessor in as good order and condition, reasonable use and wear thereof being excepted, upon demand being made therefor by the lessor or his assigns and the lessor is hereby authorized to take immediate possession thereof. The lessee hereby agrees to keep said motor truck in good order and repair and to keep the same insured in the name of the lessor during the life of this agreement in the sum of not less than one thousand five hundred dollars. The lessor agrees that in the event that the full amount of three thousand five hundred dollars rental shall be paid that he will immediately execute and deliver to the lessee a good and sufficient bill of sale of the above described personal property."

Over defendant's objections, the court admitted in evidence the minutes of the aforesaid meeting of the three trustees and also the said contract. The court refused to give the following instruction requested by defendant:

"I instruct you that the agreement of November 25th, 1919, offered and received in evidence, is not a binding obligation on the town of Calistoga, nor are any of the recitals or conditions in said agreement in any way binding upon them if you find from the evidence that no notice of the special meeting of November 25th, 1919, was ever

given to J. G. Finch, one of the town trustees, and that he was not present at said meeting.''

The proposed instruction correctly states the law applicable to an important feature of the case which was not covered by any instructions given by the court. The jury doubtless gave weight to the terms of the contract relative to the rental to be paid for the use of the truck and the obligation therein imposed upon defendant ''to keep said motor truck in good order and repair.'' [6] Looking at the substance of the contract rather than its form, it appears to be a contract of sale, the consideration being fully furnished by plaintiff upon the execution of the contract and his delivery of the truck, the time of payment only being postponed beyond the fiscal year in which the contract was signed. It has been held that such a contract is violative of the provisions of section 18 of article XI of the constitution. (*Chester* v. *Carmichael,* 187 Cal. 287, 294 [201 Pac. 925].) The void contract afforded no basis for a recovery. (*Ayres* v. *Lipschutz,* 68 Cal. App. 134 [228 Pac. 720, 721].)

[7] The defendant's claim of offset in the sum expended by it for repairs is without merit. The parties knew that the truck had been used for several years prior to the time of its delivery to defendant. The evidence produced by defendant shows that at that time the truck was in ''fair condition.'' It is shown without conflict that the defendant made the alleged repairs without any notice to plaintiff or request that he make them. ''One who lets personal property must deliver it to the hirer, . . . put it into a condition fit for the purpose for which he lets it, and repair all deteriorations thereof not occasioned by the fault of the hirer and not the natural result of its use.'' (Civ. Code, sec. 1955.) ''If a letter failed to fulfill his obligations, as prescribed by section nineteen hundred and fifty-five, the hirer, after giving him notice to do so, if such notice can conveniently be given, may expend any reasonable amount necessary to make good the letter's default, and may recover such amount from him.'' (Civ. Code, sec. 1957.) If it be conceded that the repairs made by the defendant were such as the plaintiff was under obligation to make, notice as required by section 1957 was a prerequisite to a recovery by the former from the latter.

The case was tried upon the theory that the inhibitions against incurring indebtedness by a municipality exceeding in any year the income and revenue provided for such year, prescribed by section 18 of article XI of the constitution and section 865 of the Municipal Corporation Bill (Stats. 1883, p. 93), have relation to the time of the presentation of a claim for such indebtedness rather than the time of its creation. In *Arthur* v. *City of Petaluma*, 175 Cal. 216, 221 [165 Pac. 698, 699], it is said: ''Lack of available money of the revenue of the fiscal year against which the claim constitutes a charge, from whatever cause, and entirely regardless of the absolute validity of the claim, is a complete answer to any attempt to enforce *payment* from what are styled in some of the later of the cases cited, 'the ordinary revenues' of the city for succeeding years. . . . Having a valid claim, one valid when the indebtedness was incurred, the subsequent exhaustion of funds from which the same could be paid before the claimant was able to obtain formal allowance and payment does not make his claim bad, but only affects his remedy to obtain *payment,* and he is entitled to have his claim established by a judgment for the amount due. . . . The judgment should not be drawn in such a way as to preclude enforcement in the possible event that legal provision is subsequently made for the payment thereof.''

[8] While a contract made in violation of the constitutional inhibition is void and incapable of ratification, the trustees could have made a valid contract for the use of the truck at an agreed rental therefor. Having accepted delivery of the truck and having used it, the defendant is liable, not on the contract of November 25, 1919, but on its implied contract to pay the reasonable value of such use. (*Higgins* v. *San Diego Water Co.*, 118 Cal. 524, 555 [45 Pac. 824, 50 Pac. 670].) Such implied contract, however, is subject to the constitutional inhibition against incurring an indebtedness in any year in excess of the revenues thereof. (*Buck* v. *City of Eureka*, 124 Cal. 61, 68 [56 Pac. 612, 615].) In that case it is said: ''The validity of the liability depends upon the fact as to whether there were unappropriated revenues when the liability was incurred; and no judgment should be entered until that fact is established. The liability was incurred when from time to time the services were fully rendered, and the city with knowledge accepted the

benefit of them; . . . and evidence should be received as to the condition of the revenues at that time."

[9] Some question arose at the trial as to whether parol evidence is admissible to prove the official acts of the board of trustees at a meeting thereof. The minutes of such a meeting are *prima facie* evidence of the business transacted thereat. (Code Civ. Proc., secs. 1920 and 1926.) Parol evidence, however, is admissible for the same purpose. (*Gordon* v. *City of San Diego*, 108 Cal. 264, 269 [41 Pac. 301]; *People* v. *Town of Ontario*, 148 Cal. 625, 638 [84 Pac. 205]; *Westerman* v. *Cleland*, 12 Cal. App. 63, 69 [106 Pac. 606].) The foregoing discussion covers all the points made by the parties and it seems clear that the judgment cannot be affirmed.

The judgment is reversed.

Hart, J., and Plummer, J., concurred.