[Crim. No. 1686.   Third Appellate District.—September 27, 1939.]

THE PEOPLE, Respondent, v. FRED M. KAY, Appellant.

Blaine McGowan and Donald Drew for Appellant.

Earl Warren, Attorney-General, and J. Q. Brown, Deputy Attorney-General, for Respondent.

THOMPSON, Acting P. J.—The defendant was convicted under section 504 of the Penal Code on four counts of an indictment for embezzlement of separate specified sums of money entrusted to him as county clerk of Humboldt County.

It is contended the verdicts and judgment of conviction are not supported by the evidence for the reason that the *corpus delicti* was not established by competent proof independently of the defendant's extrajudicial admissions of failure to account for the moneys as shown by his verified affidavits filed with the county auditor as required by sections 4292–4294 of the Political Code. It is also asserted the trial court erred in giving to the jury and refusing to give certain instructions.

The first count of the indictment charged the defendant with embezzling $4,141.52 received in fines and dog licenses, exclusive of commissions to which he was entitled by law, which sums were paid to him as county clerk between May 1, 1938, and March 13, 1939. The second, third and fourth counts charged him with embezzling separate sums of money, to wit, $940 on July 8, 1937; $2,050 on July 17, 1937, and $2,826 on August 22, 1937, paid to him as county clerk by the city of Eureka, as awards of damages in three different condemnation proceedings which were then pending in the superior court of that county. Verdicts were returned against the defendant on each count. A judgment was accordingly rendered against him. From that judgment and from the order denying motion for new trial this appeal was perfected.

We assume the burden was on the prosecution to prove as essential elements of the *corpus delicti*, not only that the defendant received in trust as county clerk of Humboldt County the various sums of money he is charged with embezzling, but also that he wrongfully appropriated them to his own use. (*People* v. *Fronk*, 82 Cal. App. 465, 471 [255 Pac. 777].) It is settled law in this state that the *corpus delicti* may not be established by the extra-judicial admissions of an accused person only. (*People* v. *Vertrees*, 169 Cal. 404 [146 Pac. 890]; *People* v. *Ray*, 91 Cal. App. 781 [267 Pac. 593]; 8 Cal. Jur. 167, sec. 248.) But it is said in section 303, page 235, of the last-cited authority:

"To authorize the reception and consideration by the jury of evidence of an extrajudicial confession or admission of a defendant, the people need not establish the *corpus delicti* by proof of the clear and convincing character required to support a conviction. It is sufficient if there is some proof, or *prima facie* proof, or even slight proof of the *corpus delicti*."

The preceding quotation is supported by numerous authorities. See *People* v. *Hudson,* 139 Cal. App. 543 [34 Pac. (2d) 741], in that regard.

The attorney-general suggests that the challenged instruments do not constitute extrajudicial admissions, since, in the nature of admissions on the part of the defendant that he appropriated to his own use the moneys in question by failing to account for them in the affidavits filed with the county auditor as required by section 4294 of the Political Code, the documents, which are public records, are *prima facie* evidence of the facts therein stated.

It is true that entries in public or other official books *or records,* made in the performance of his duty by a public officer of this state, or by another person in the performance of a duty especially enjoined by law, are *prima facie* evidence of facts therein stated. (Sec. 1920, Code Civ. Proc.; *Westerman* v. *Cleland,* 12 Cal. App. 63, 69 [106 Pac. 606].) It is also true that the county clerk is required by law to pay to the county treasurer on or before the fifth day of the succeeding month all fines, fees, license taxes and other money collected by him in his official capacity and belonging to the county. (Secs. 4101a and 4292, Pol. Code.) He must also keep a true record of all such collections and file with the county auditor on or before the fifth of the following month verified affidavits showing "all of the moneys collected by him or under his control during the preceding months . . . handled by him in his official capacity". (Secs. 4293, 4294, Pol. Code.) The challenged affidavits which were filed by the defendant pursuant to the preceding two sections failed to account for any of the moneys collected by him in his official capacity which he was charged with embezzling.

There is ample evidence in this case of the wrongful appropriation by the defendant of the several sums of money which he is charged with embezzling, independently of the statements contained in the affidavits, and we therefore refrain from determining whether such public records constitute extrajudicial admissions.

It is conceded there is ample competent proof that the defendant received the moneys in his official capacity as county clerk of Humboldt County which he is charged with embezzling at the times alleged in the indictment. He was paid the several sums of money designated in the last

three counts as awards of damages in the pending condemnation suits. He was also paid in fines and for dog licenses the total sum of $6,954.50. He was authorized by ordinance number 190, section 8, of the county of Humboldt to retain from the dog licenses collected, twenty-five cents for each license, aggregating the sum of $485.50. The evidence is undisputed that he paid to the county treasurer August 3, 1938, from the dog licenses collected, the sum of $2,327.48, and no more. The money paid to the treasurer from that source, plus the commissions authorized to be retained by him, amounts to $2,812.98. Deducting that amount from the total sum collected from fines and dog taxes leaves a balance of $4,141.52 unaccounted for, which is the exact sum he was charged in the first count with embezzling.

Mr. Oscar Elliott, secretary of the hardware firm of H. H. Buhne Company of Eureka, testified that the clerk ordered and received from that firm during the months of April, July and August, 1938, 3500 metal dog licenses.

Mr. Arthur D. Elliott, a public accountant of Eureka, was employed by the grand jury of Humboldt County to audit the books of the county clerk and to examine other records for the period of time covered by the indictment. He did so, and testified that these metal tags were furnished by the clerk to owners of dogs at $2 apiece; that the records of the county clerk's office disclosed the fact that $6,809.50 had been collected by the clerk from dog licenses sold by him during that period of time, from which he was entitled to retain as commissions the sum of $485.50; that the records show the total amount of that fund, including certain fines, unaccounted for by the defendant during that period of time was $4,141.52. Mr. Dopplmaier, the county treasurer of Humboldt County, testified that the defendant deposited with the county treasurer from that fund only the sum of $2,327.-48. Mr. Elliott also testified that none of the license fees collected by the county clerk during the period of time which is involved in this case were entered as the law requires on his fee book.

Shirley Putnam, the city treasurer of Eureka, testified that the city warrants for the sums of $940 and $2,826, delivered to the county clerk in the condemnation suits, which he was charged in the second and third counts of the indictment with embezzling, were cashed by the defendant in July

and August, 1937. Mr. J. R. Pederson, assistant cashier of the Bank of America at Eureka, testified that the warrant of the city of Eureka for the sum of $2,050, which the defendant was charged in the fourth count .with embezzling, was cashed by him July 20, 1937. The county treasurer testified that no part of these sums was deposited in the county treasury. This furnishes ample evidence of the misappropriation of the several sums of money the defendant is charged with embezzling. The *corpus delicti* was therefore adequately proved independently of the challenged affidavits. They merely supplied cumulative evidence of the embezzlements.

Defendant's proffered instruction marked "R" was properly refused. It is argumentative, misleading and erroneously directs the jury to acquit the defendant in the absence of positive proof beyond a reasonable doubt that the actual moneys described in the indictment are not *now* in the county treasury of Humboldt County. This instruction, in effect, charges the jury that if the defendant restored the money after the return of the indictment, and it was in the county treasury at the time of the trial, he must be found not guilty of the embezzlements. That is contrary to the terms of our statute. (Secs. 512 and 513, Pen. Code; 10 Cal. Jur. 250, sec. 13; *People* v. *Royce,* 106 Cal. 173, 189 [37 Pac. 630, 39 Pac. 524] ; *People* v. *Baker,* 64 Cal. App. 336, 342 [221 Pac. 654].) Under section 513 of the Penal Code, the actual voluntary restoration of embezzled money or property "prior to an information laid before a magistrate, or an indictment found by a grand jury" is declared to be "*not a ground of defense,* but it authorizes the court to mitigate punishment, in its discretion". Moreover, there is no evidence in the record that the defendant ever restored or offered to restore to Humboldt County any portion of the money he was charged with embezzling.

We are of the opinion instruction number 18 which was given to the jury was neither misleading nor erroneous. It reads:

"You are instructed that if in this case any evidence was admitted bearing on the embezzlement by defendant of any money other than that mentioned in the indictment that such evidence is not to be considered by you for any purpose other than the question of defendant's intent concerning the

money charged in the indictment as having been embezzled by him.''

For the purpose of showing the felonious intent with which the defendant appropriated to his own use and failed to account for the moneys he was charged in the indictment with embezzling, it was competent to prove other similar embezzlements in violation of his trust as county clerk directly associated with the ones for which he was being tried. (*People* v. *Hatch,* 163 Cal. 368, 378 [125 Pac. 907] ; 10 Cal. Jur. 271, sec. 28; 10 McKinney's New Cal. Dig. 71, secs. 58, 59.) In the foregoing instruction the jury was clearly told that if there was proof of any embezzlements of money by the defendant other than those with which he was charged in the indictment, that evidence was to be considered only for the purpose of determining his intent ''concerning the money charged in the indictment as having been embezzled by him''. It does not assume that the defendant was necessarily guilty of the embezzlements charged in the indictment. The instruction is unambiguous, clear and proper.

The jury was very fully and fairly instructed upon every essential element of the charges of embezzlement with which the defendant was charged, under the circumstances of this case.

The judgment and the order are affirmed.

Deirup, J., *pro tem.,* and Tuttle, J., concurred.