[Crim. No. 1706. In Bank.—August 2, 1912.]

## THE PEOPLE, Respondent, v. JACKSON HATCH, Appellant.

CRIMINAL LAW—EMBEZZLEMENT—INDICTMENT CHARGING BUT ONE OFFENSE.—An indictment for embezzlement does not charge two offenses in alleging both that the defendant secreted the money with the fraudulent intent to appropriate it and that he did fraudulently appropriate it.

ID.—DEMURRER TO INDICTMENT—FAILURE TO EMBODY DIFFERENT STATEMENTS OF OFFENSE IN DIFFERENT COUNTS.—An objection to an indictment that it does not conform to the requirements of section 954 of the Penal Code as amended in 1905 in that the "different statements of the same offense" are not set forth in different counts, is not presented by a demurrer on the mere ground that more than one offense is charged in the indictment.

ID.—CONVICTION OF EMBEZZLEMENT—PRIOR DEMAND NOT NECESSARY—EVIDENCE.—To warrant a conviction of the crime of embezzlement it is not necessary, as matter of law, that a demand should have been made upon the defendant for the money involved. It is sufficient if the evidence shows a fraudulent appropriation by the defendant of such money. In the present case the evidence is held to show a sufficient demand on the defendant by the principal for whom he was acting as agent for the payment of the money for the embezzlement of which he was convicted.

ID.—PROOF OF CORPUS DELICTI—SUFFICIENCY OF EVIDENCE—DECLARA-
TIONS AND ADMISSIONS OF DEFENDANT.—The rule that the *corpus
delicti* must be proved by evidence outside of the declarations and
admissions of the defendant does not require that the evidence,
other than such declarations and admissions, establish the commis-
sion of the offense beyond all reasonable doubt. In the present case,
the evidence, exclusive of the admissions and declarations of the
defendant, is held sufficient to establish the embezzlement charged.

ID.—PROOF THAT MONEY EMBEZZLED WAS LAWFUL MONEY OF UNITED
STATES.—The fact that the money embezzled was *lawful money* of
the United States is sufficiently shown by evidence that the de-
fendant received a check for the amount, in exchange for which
he received from a bank certificates of deposit issued in his favor,
each reciting that he· had on deposit with it a certain number of
dollars.

ID.—ERROR IN EXCLUDING WRITTEN EVIDENCE—FACTS OTHERWISE ES-
TABLISHED.—Error in excluding a written instrument from the evi-
dence is without prejudice, when every material fact which could
have been shown by the paper had already been testified to by
a witness, and no attempt was made to contradict any of such
facts.

ID.—WAIVER OF ERROR IN EXCLUDING EVIDENCE—REFUSAL TO TAKE AD-
VANTAGE OF SUBSEQUENT OPPORTUNITY TO INTRODUCE.—On a trial
for embezzlement, the defendants waived any error in excluding
from the evidence a promissory note made by the prosecutrix, which
had been shown to have been partly paid by the defendant with a
portion of the money charged to have been embezzled by him, if he
rested his case before the court finally ruled upon the propriety of
admitting such parts of the note as were connected with the transac-
tion in controversy, and subsequently refused an opportunity af-
forded him by the court to offer such parts of the note in evidence.

ID.—EVIDENCE OF CONCLUSION OF WITNESS—EVIDENCE NOT PREJUDICIAL.
No substantial right of the defendant was prejudiced by permitting
a witness for the prosecution to testify to a conclusion drawn by
him, when all the facts upon which his conclusion was based had
been admitted in evidence and were before the jury, and the con-
clusion given by the witness appeared to be the only one that could
be reasonably reached.

ID.—EVIDENCE OF INDEPENDENT CRIMES WHEN ADMISSIBLE.—While it is
true that independent crimes the evidence of which has no tendency
to prove some material fact in connection with the particular crime
charged, may not be proven against the defendant, the rule does not
exclude evidence of such other crimes when the evidence thereof does
tend to prove some material element of the crime for which the
defendant is on trial.

CLXIII Cal.—24

ID.—EVIDENCE TO PROVE MOTIVE OR FRAUDULENT INTENT—EVIDENCE OF
CRIME CHARGED INTERMIXED WITH EVIDENCE OF OTHER CRIMES.—
This exception to the general rule is applicable in cases where evidence
of the crime tends to prove a motive for the commission of the crime
charged, and where a fraudulent intent is a necessary element in
the crime charged, the evidence of the other crimes tends to establish
and fix the existence of such intent, and in cases where the evi-
dence tending to establish the crime charged is intermixed with the
evidence of the other crimes.

ID.—EMBEZZLEMENT OF SPECIFIC ITEM OF MONEY BY AGENT—EVIDENCE
OF OTHER EMBEZZLEMENTS DURING COURSE OF AGENCY.—On a prose-
cution for the embezzlement of a specific item of money by an
agent, which was shown to have been deposited to his individual
account, evidence is admissible that during the course of the agency,
extending over a long period, the defendant had collected and dis-
bursed other various and large sums, which he had also deposited
to his individual credit, and that when demand was made upon him
for the payment of the balance which he ought to have had on hand
or under his control, and which included the item on which the
prosecution was based, his only reply in substance was that it was
all gone.

ID.—MISCONDUCT OF DISTRICT ATTORNEY—ABSTRACT STATEMENT OF DUTY
OWING BY TRUSTEE TO BENEFICIARY.—On this prosecution of an
agent for the embezzlement of the funds of his principal, the prose-
cuting attorney is not guilty of misconduct in making, in the course
of his argument to the jury, a correct abstract statement of the law
concerning the duty of a trustee to act in the highest good faith
toward his beneficiary in matters concerning his trust.

ID.—INSTRUCTIONS—CONSTRUCTION.—Instructions to the jury must be
construed as a whole, and if when so read they do not incorrectly
state the law and are not contradictory, a new trial should not be
ordered because some particular instruction is not in itself a com-
plete statement of the law.

ID.—STATEMENTS OF ACCOUNT RENDERED BY AGENT—RELATION OF MERE
DEBTOR AND CREDITOR NOT ESTABLISHED.—The mere fact that the
agent charged with the embezzlement had rendered to his prin-
cipal statements of his receipts and disbursements, in which the
receipts were listed under the heading "Receipts" and the disburse-
ments under the heading "Disbursements," was not sufficient to show
that the relation existing between them was merely that of an ordi-
nary debtor and creditor, or to warrant an instruction based upon
that theory.

ID.—INSTRUCTIONS AS TO CERTAINTY OF PROOF—REASONABLE DOUBT.—
In such a prosecution, where the instructions regarding the degree
of certainty required for a conviction were clear and full and the
charge taken as a whole could not have conveyed any other impression

than that the prosecution was bound to prove every element of the crime charged beyond a reasonable doubt, the jury will not be deemed to have been misled to the defendant's prejudice by the action of the court in reading section 1826 of the Code of Civil Procedure, defining the degree of certainty required to establish facts.

ID.—VERDICT FINDING DEFENDANT GUILTY OF EMBEZZLEMENT—SUFFICIENCY TO SUPPORT JUDGMENT.—Where the indictment charged the defendant with the embezzlement of a large sum of money, and at the outset of the trial the district attorney selected a particular item thereof to be proved as constituting the basis of the charge, which fact was entered in the minutes of the trial and thus became a part of the record of the action, a verdict finding the defendant "guilty of embezzlement as charged in the indictment and elected by the people as the substantive offense to be proved herein," is sufficient in form to support a judgment of conviction.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order refusing a new trial. J. R. Welch, Judge.

The facts are stated in the opinion of the court.

Frank Freeman, Owen D. Richardson, and Harry I. Stafford, for Appellant.

U. S. Webb, Attorney-General, J. Charles Jones, Deputy Attorney-General, and Raymond Benjamin, Deputy Attorney-General, for Respondent.

THE COURT.—This appeal from the judgment and from an order denying defendant's motion for a new trial comes to this court in consequence of the inability of the justices of the district court of appeal for the first appellate district, to which the appeal was taken, to agree upon a judgment. Two of the justices of said court were of the opinion that the judgment and order should be reversed on account of errors in the admission and rejection of evidence, while the third justice expressed the view that the rulings in question, if erroneous, were not prejudicial to the appellant. All three justices agreed that except with regard to the particular rulings just referred to the record disclosed no error affecting any substantial right of the defendant.

The following opinion in which we express the views of this court upon the questions raised by the appeal is taken, virtually in its entirety, from the two opinions filed in the district court of appeal.

This is the second appeal in the case. Upon the first appeal the judgment against the defendant was reversed, and the cause remanded for a new trial. The retrial resulted again in the conviction of the defendant, and this appeal is from the judgment and order denying his motion for a new trial.

Upon this appeal the appellant again presents the point that the court erred in overruling his demurrer to the indictment, for the reason, as he claims, that the indictment charges appellant with two offenses. It is sufficient to say that this point was decided against the appellant upon the former appeal. (*People* v. *Hatch,* 13 Cal. App. 521, [109 Pac. 1097].) However, in addition to *People* v. *Thompson,* 111 Cal. 242, [43 Pac. 748], cited in the opinion upon the first appeal, we may cite *People* v. *Shotwell,* 27 Cal. 401; *People* v. *Frank,* 28 Cal. 507; *People* v. *Sheldon,* 68 Cal. 434, [9 Pac. 457]; *People* v. *Leyshon,* 108 Cal. 440, [41 Pac. 480]. It is further urged that the indictment does not conform to the requirements of section 954 of the Penal Code as amended in 1905 [Stats. 1905, p. 772], in that the "different statements of the same offense" are not set forth in different counts. This point is not raised by the demurrer, which is simply that more than one offense is charged in the indictment. In thus disposing of the argument of counsel we do not wish to be understood as intimating that his point would be good if properly raised by the demurrer.

Appellant urges that the evidence is not sufficient to support the verdict of the jury finding the defendant guilty as charged. We have carefully read all the evidence in the case, and find no merit in this contention. We do not deem it necessary to discuss the evidence in detail, but shall consider it only in regard to certain particulars in which it is claimed to be deficient.

It is claimed that no demand was shown to have been made upon defendant for the money involved with which it was his duty to comply.

In the first place the guilt or innocence of defendant does not necessarily depend upon the question whether or not any

demand had been made upon him for the money involved. The real question is, does the evidence show a fraudulent appropriation by defendant of the money involved? Neither *People* v. *Page,* 116 Cal. 387, [48 Pac. 326], nor *People* v. *Royce,* 106 Cal. 173, [37 Pac. 630, 39 Pac. 524], lays down the rule that a demand is necessary as a matter of law to constitute an embezzlement. In each of these cases the court discussed the evidence, and held that it was insufficient to support a verdict of guilty, and in so doing adverted to the fact that no demand had been made, and in each case also adverted to the fact that it had not been shown that the defendant had in fact or at all appropriated the money involved to his own use, or that he did not have it on hand at all times to meet any demand if one had been made. ''No doubt embezzlement may be established under certain circumstances without proof of a demand, as where other evidence clearly shows an appropriation by an employee of his employer's funds, with intent to do so fraudulently and feloniously.'' (*People* v. *Royce,* 106 Cal. 173. [37 Pac. 630, 39 Pac. 524].) In some cases, in the absence of other sufficient proof, a demand may be necessary to fix the fact of the fraudulent appropriation; but the real test always is, does the whole evidence establish the crime charged, that is, a fraudulent appropriation as charged in the indictment. (*People* v. *Ward,* 134 Cal. 301, [66 Pac. 372].)

In the second place, there is ample evidence in the record of a sufficient demand. At the outset of the trial the district attorney selected, as the item upon which he would rely for a conviction, the sum of $4,100.55, received by appellant for property belonging to the prosecutrix, Mrs. Sage, known as the Lyon Street property, sold by him under her instructions in June, 1907. He had been her agent for a number of years. In January, 1907, he furnished her a statement which on its face showed that he had in his charge as her agent money loaned and bearing interest in the sum of $34,509, and four pieces of real estate, one of them being the property above referred to as sold in June, 1907. In November, 1907, on the day following Thanksgiving day, Mrs. Sage called with her son, L. A. Sage, upon defendant and told him she would like to turn over all her affairs to her said son. The son, L. A. Sage, requested the defendant at his earliest oppor-

tunity to turn over to him all the properties and accounts of his mother in defendant's charge. Defendant stated that it would take some time to do this as the accounts were mixed, but in effect promised to do so as soon as possible. L. A. Sage thereafter called on defendant several times, urging a settlement, but was put off with excuses. However, about the first of January, 1908, defendant did turn over or cause to be delivered to Mr. Beasley, who seems to have been acting as attorney for Mr. and Mrs. Sage, some notes the face value of which did not exceed five thousand dollars, while the evidence shows that he should have had in his possession at that time either money or securities to the amount of upwards of thirty-five thousand dollars. Thereafter on January 8, 1908, L. A. Sage and his attorney, Mr. Beasley, had an interview with defendant in the office of Mr. Beasley concerning the affairs of Mrs. Sage. At this time Mr. Sage asked Mr. Hatch to turn over to him all securities and moneys that he held in his possession belonging to Mrs. Sage. Defendant answered, saying, "You have got to rest satisfied with my statement that there are no securities and the money is all gone." He refused to state what had become of the money or securities. Subsequently, and before the indictment was found, Mr. Sage served on the defendant a written demand, together with a certified copy of a power of attorney from Mrs. Sage to L. A. Sage. This demand was in three parts. One part, signed by Mrs. Sage, demanded that he turn over and deliver to her son, Louis A. Sage, all moneys, notes, securities, and other evidences of indebtedness in defendant's possession belonging to Mrs. Sage.

Another part demanded $38,298.21, and the third part demanded in detail various sums of money, itemized and described, including one for $4,356.85, described as received by defendant from the sale of the Lyon Street property.

We have no doubt that the above matters show not only one demand, but more than one demand, quite sufficient to make it the duty of the defendant to turn over all money and securities in his charge belonging to Mrs. Sage, including the money selected as the basis for his prosecution. He knew, or should have known, exactly what money and securities he held that belonged to her. As her agent he was bound to act toward her in the utmost good faith. He had in effect

been instructed by her as early as November to turn over all her property in his possession to her son. · It was clearly his duty to comply with this instruction, which was a· sufficient demand to charge him with compliance therewith.

It is claimed that the *corpus delicti* was not proved by evidence outside of the declarations and admissions of defendant. It must be remembered that the rule does not require that the evidence, other than the admissions and declarations of defendant, establish the commission of the offense beyond all reasonable doubt (*People* v. *Jones,* 123 Cal. 65, [55 Pac. 698] ; *People* v. *Ward,* 134 Cal. 306, [66 Pac. 372] ; *People* v. *Rowland,* 12 Cal. App. 7, [106 Pac. 428]). We are satisfied that the record presents substantial and sufficient evidence besides the admissions and declarations of the defendant to establish the commission of the crime charged.

· The appellant makes the point that the verdict cannot be supported because the evidence does not show the appropriation of *lawful money* of the United States, nor, as it is claimed, of any money at all.

We find no merit in this contention. Defendant received a check for $4,100.55 in San Francisco. He brought this to San Jose and received therefor three certificates of deposit, one for two thousand dollars, and two each for one thousand dollars. The money called for by these certificates of deposit thus came into the control of the defendant. It may be that he never had the money in specie in his hands, but it was in his control. This meets both the language of the statute and of the indictment. The certificates of deposit which he received for the check were in form as follows:

". , . Jackson Hatch has deposited in the First National Bank of San Jose, Cal., $1,000.00, one thonsand dollars, payable to the order of self on return of this certificate properly indorsed. . . . "

The money represented by such certificates was in his control, though in the possession of the bank. That the money represented by such certificates was lawful money of the United States is also sufficiently shown. When we speak or contract with reference to dollars in this country we mean lawful money of the United States. No other sort of dollars could have been rightfully or lawfully paid in discharge of the obligations represented by the certificates of deposit. The

money that came into his control by this transaction was necessarily lawful money of the United States.

Again we say, after a careful examination of the evidence, we are satisfied that it is sufficient to support the verdict.

One of the matters most strongly relied upon by appellant upon this appeal concerns the ruling of the court in refusing to admit in evidence a certain promissory note for the sum of five thousand dollars, and executed by Mrs. Sage.

The prosecution had introduced evidence showing that on the twelfth day of June, 1907, defendant had received in payment of the purchase price of the Lyon Street property, sold by him for Mrs. Sage, a check for $4,100.55. The check was drawn payable to one Murray F. Vandall, and was indorsed by him payable to the order of defendant. The evidence for the prosecution showed that defendant on the fourteenth day of June, 1907, indorsed and delivered said check to the First National Bank of San Jose at San Jose, and received therefor, from said bank, as previously stated, three certificates of deposit—one for two thousand dollars, and two for one thousand dollars each, all payable to the order of defendant, and a credit to his personal account in the sum of $100.55, thus making up the full amount of the sum of $4,100.55. This is the amount and represents the item selected by the district attorney as the basis of the charge upon which he asked for a conviction. It was the theory of the prosecution that the defendant had fraudulently appropriated said sum of money and the whole thereof to his own use, and it had introduced evidence tending to support such theory.

After proving that the note in question was signed by Mrs. Sage, defendant further proved by Mr. Knox, an officer of the Commercial and Savings Bank, the payee in said note, that defendant had fully paid the principal of said note in five payments, as well as all interest amounting to over five hundred dollars. One of these payments was shown to have been made by indorsing over to the payee in said note on June 15, 1907, the certificate of deposit for two thousand dollars above referred to, and which represented two thousand dollars of the money selected as the basis of the charge against defendant.

Appellant offered the note in evidence, and the court sustained the objection of the district attorney to its admission.

This action of the court affords no sufficient ground for reversal, for the reasons:

(A) The error in excluding the note was not prejudicial inasmuch as every material fact which could have been shown by the paper had already been testified to by the witness and there was no attempt to contradict any of such facts;

(B) The error in sustaining the objection to the offer of the note was waived by the appellant. When the note was first offered the objection was sustained. It appears, however, from a colloquy which followed the ruling that the court had not fully understood the testimony of the witness Knox. It having been explained that a two thousand dollar payment on the note had been made out of the proceeds of the Lyon Street property (but no attempt being made to connect any of the other payments with the transaction under inquiry) the court expressed its willingness to permit the note to go in if it were proper to admit a document which had been thus connected in part only. After some further discussion the court stated that the ruling excluding the note would stand, whereupon the defendant rested. The discussion was so protracted that we cannot set it forth at length here. It is, however, quite apparent from a reading of the entire matter that the court intended to defer a final ruling until it could investigate the propriety of admitting in evidence such parts of the document as were connected with the transaction in controversy, and that the defendant prevented such investigation by his prompt, not to say precipitate, action in resting his case before the court was prepared to finally rule. Even after the defendant had rested, the court in effect gave aim an opportunity to renew his offer of those parts of the note that had been properly connected, but no response was made to this suggestion. Under these circumstances, we are satisfied that the error, if any, should be held to have been waived.

The court permitted E. L. Peterson, the exchange teller of the First National Bank of San Jose, and a witness for the people to testify concerning certain checks, certificates, and deposit slips. In each instance the witness was shown a deposit slip and a certain check or certificate, and was asked to explain if there was any connection between the two papers. In each case, after an examination of the papers, he stated over the objection of the defendant that this question called

for the conclusion of the witness, that the slip disclosed that the check or certificate had been deposited to the credit of the defendant.

All the facts upon which the witness's conclusion were based had been admitted in evidence and were before the jury; and as the conclusion given by the witness appeared to be the only one that could be reasonably reached, it is difficult to see how any substantial right of the defendant was prejudiced.

The appellant contends that the court erred in admitting much evidence tending to prove embezzlements other than the one for which defendant was being tried.

Over the objection of defendant the court permitted the district attorney to prove that the defendant, at various times while he was acting as the agent and attorney of Mrs. Sage, collected and received for her and as her agent various sums of money, which he deposited in bank to his personal account and never paid to Mrs. Sage or to her use. Some of this money was received before and some after the money selected as the basis of the charge for which he was being tried.

The testimony as a whole tended to show that when defendant was called upon to turn over all property and money in his hands belonging to Mrs. Sage, he should have had in his charge money or securities to an amount upward of thirty-five thousand dollars. He did turn over securities to an amount of less than five thousand dollars, and a day or so afterward, when asked by Mrs. Sage, the son and authorized agent of Mrs. Sage, to turn over all the securities and money in his charge belonging to Mrs. Sage, he replied that there were no securities and the money was all gone.

While it is true that independent crimes the evidence of which has no tendency to prove some material fact in connection with the particular crime charged, may not be proven against the defendant, this rule does not exclude evidence of such other crimes when the evidence thereof does tend to prove some material element of the crime for which the defendant is on trial. This well recognized exception to the general rule finds frequent application in cases where evidence of the crime tends to prove a motive for the commission of the crime charged, and where a fraudulent intent, being a necessary element in the crime charged, the evidence of the other crimes tends to establish and fix the existence of such intent,

and in cases where the evidence tending to establish the crime charged is intermixed with the evidence of the other crimes.

We think the character of the offense charged here and the facts of the case bring it within the two latter conditions. Money ordinarily has no earmarks, and it is frequently impossible to prove the specific act of appropriation of a designated item of such money. Especially is this true where, as here, the agent has collected and disbursed various and large sums for his principal during an agency extending over a long period. In the case at bar it was indeed shown that defendant had collected the specific item of $4,100.55 selected as the basis of the charge, and had deposited it to his individual account. While the fact that he thus deposited it to his individual account might be considered by the jury as tending to prove that in so doing he intended to fraudulently appropriate it to his own use, the district attorney had a right to support such inference of a fraudulent purpose as well as the fact of the appropriation by other evidence that would legitimately tend to such support. Evidence that defendant had collected for his principal divers moneys which he had deposited to his individual credit, and that when the total which he ought to have had on hand or under his control amounted to upward of thirty-five thousand dollars, including the $4,100.55, a demand was made upon him to settle, to which his only reply in substance was that it was all gone; all tended to prove that the $4,100.55 had been by him *fraudulently appropriated,* and that the deposit thereof to his individual credit was for the purpose and intent to so *fraudulently appropriate* it.

The evidence of the *fraudulent appropriation* of the $4,100.55 was intermixed in logic and in fact with the evidence as to the other items which he said were *all gone.*

If the evidence as to the collection of the other items and their deposit to the credit of defendant, and total amount, and the admission or statement of defendant that they were all gone, had not been furnished the jury, we doubt not that an argument to the effect that it had not been proved that the $4,100.55 had been fraudulently appropriated, or appropriated by defendant at all, would have been given much weight.

Instances where evidence of other embezzlements have been allowed are found in *Edelhoff* v. *State,* 5 Wyo. 19, [36 Pac.

627] ; *People* v. *Rowland,* 12 Cal. App. 7, [106 Pac. 428], and *People* v. *Gray,* 66 Cal. 271, [5 Pac. 240], all of which cases support what we have said as to the rule to be applied in this case. (See, also, the cognate cases of *People* v. *Sanders,* 114 Cal. 216, [46 Pac. 153] ; *People* v. *Tomalty,* 14 Cal. App. 224, [111 Pac. 513].)

The facts of this case bear little resemblance to the facts in the case of *People* v. *Bartnett,* 15 Cal. App. 89, [113 Pac. 879], cited by the appellant. In the Bartnett case the charge of embezzlement was based upon the sale of certain identified bonds, and as is pointed out in the opinion the evidence as to the sale of other bonds at a prior time was in no way interblended with the evidence of the sale selected as the basis of the charge.

The court did not err in permitting evidence of the other offenses.

It is contended by appellant that the district attorney was guilty of misconduct in stating to the jury in the course of his argument the law concerning the duty of a trustee to act in the highest good faith toward his beneficiary in matters concerning his trust. It is not contended, and it cannot be successfully contended, that the district attorney in his remarks misstated the law in the abstract; but the contention of the appellant seems to be based upon the proposition that the law as stated has no application to a criminal case, and that such remarks as were made by the district attorney in this connection have no place in the argument to a jury, where an agent is charged with the embezzlement of the funds of his principal. This contention seems to be based upon a misapprehension of the effect of what was said by the district court of appeal in this case with regard to an instruction given by the court upon the first trial of this case.

Upon such trial the defendant was a witness, and claimed that the money which he was charged to have embezzled had been loaned to him by his principal Mrs. Sage. Upon cross-examination he was obliged to admit that at the time he claimed he had obtained the alleged loans he was insolvent, but made no disclosure of such condition to Mrs. Sage. This fact had been much emphasized in the cross-examination. The court in its charge, without explanation or limitation, after stating ''You will observe that the essential element of the offense of embezzlement of which defendant is charged

is the fraudulent conversion or misappropriation by the defendant of property received by him in a trust capacity," proceeded to state the rule as to the good faith required of an agent or trustee in dealings with his principal. The district court of appeal in its opinion pointed out the circumstances under which the instruction was given, and its tendency, in the manner in which it was given, to mislead the jury, and concluded with the statement that "under the condition of the evidence as above indicated, and in the connection in which the latter part of the instruction was given, it was erroneous, and we think clearly prejudicial to the rights of the defendant." As a reading of the opinion will show the conditions under which the instruction was given were exceptional, and the instruction came from the court without such explanation as would limit it in its proper application. No such conditions exist upon this appeal. What the district attorney said was correct as a principle of law, and had a just application to the circumstances of the case. Especially did it have application to the conduct of defendant in refusing in effect at the interview with Mr. Sage, at the office of Mr. Beasley, to give any account of what had become of the money of Mrs. Sage except to say that it was all gone. The rule stated by the district attorney was correct both in law and in good morals, and was a very proper subject to call to the attention of the jury in discussing the conduct of defendant in his dealings with Mrs. Sage and her property intrusted to him as her agent. Nothing that is found in the opinion upon the former appeal when read in its true connection justifies the criticism of the district attorney made by appellant concerning this particular matter.

The district attorney, evidently in the heat engendered by a hotly contested trial, did make some comments that should have been omitted. Thus, although the defendant did not become a witness, the district attorney made a remark in a discussion with the court to the effect that he, the defendant, could testify to a certain matter. The court, however, promptly upon objection being made, correctly admonished the jury in regard to such remark.

Some other remarks were made which might better have been omitted, but none of them were of sufficient importance to justify a reversal.

Appellant also contends that the court erred in refusing to give certain instructions requested by defendant, in modifying others and in giving certain instructions upon its own motion.

The instructions given are long and, we think, quite complete, and properly guarded the rights of the defendant. Some particular instructions, when read alone and without regard to their connection, may be subject to some criticism, but the instructions must be read as a whole, and if when so read they do not incorrectly state the law, and are not contradictory, a new trial should not be ordered because some particular instruction is not in itself a complete statement of the law.

Defendant complains of the refusal of the court to give several instructions based upon the theory that there was evidence in the case that tended to support the theory that the relations between Mrs. Sage and defendant were those of debtor and creditor. Most of these instructions are argumentative, and for that reason objectionable. Furthermore, we find nothing in the record that tends to support the theory upon which they were based. There is nothing in the evidence that in any way tends to show that the relations between Mrs. Sage and the defendant were those of creditor and debtor, except in so far as it may be said that every agent who receives money for his principal and converts or withholds it becomes indebted to his principal for the amount thereof as for money had and received for the use and benefit of his principal.

There is in the record one statement, and one statement only, rendered by defendant to Mrs. Sage, of receipts and disbursements by him for her. The receipts are listed under the heading "Receipts," and the disbursements under the heading "Disbursements." There is absolutely nothing in the statement to indicate anything other than the ordinary relation of principal and agent. The terms "credit" and "debit" do not even appear in the statement, nor does it appear from such statement that any of the money collected for Mrs. Sage was, either with her knowledge or without such knowledge, mingled with the money of defendant. By this statement we do not mean to suggest that such fact would be important if it did appear. This statement tends to show

that defendant was dealing with the moneys and property of
Mrs. Sage as agent and not otherwise.

Appellant in his brief has several times stated that defend-
ant rendered to Mrs. Sage between sixty and seventy state-
ments. He has not pointed to any place in the record where
such fact appears, and we have been unable to find it. Cer-
tain it is that it nowhere appears what the statements con-
tained. If they were of the form of the one that was intro-
duced in evidence they would not tend to support any such
theory as that upon which the rejected instructions were
based.

It is not error for the court to refuse to give an instruction
that is predicated upon a theory that finds no support in the
evidence.

We think the jury could not have been misled to defend-
ant's prejudice by the action of the court in reading section
1826 of the Code of Civil Procedure. The instructions re-
garding the degree of certainty required for a conviction were
clear and full and the charge taken as a whole could not have
conveyed any other impression than that the prosecution was
bound to prove every element of the crime charged beyond a
reasonable doubt.

Appellant contends that the verdict returned by the jury
is not sufficient in form to support the judgment, and that
defendant is entitled in consequence to be discharged. We
find no merit in this contention. The verdict returned by
the jury is as follows: "We, the jury in the above entitled
action, find the defendant guilty of embezzlement (a felony)
as charged in the indictment and elected by the people as
the substantive offense to be proved herein." The indictment
charged the defendant with the embezzlement of $37,075.42,
and at the outset of the trial the district attorney selected
as the item to be proved as constituting the basis of the charge
a sum of money in the amount of $4,100.55 received by de-
fendant in June, 1907, from the sale of the Lyon Street prop-
erty. This appears from the minutes of the trial, which are
a part of the record of the action. (Pen. Code, sec. 1207.)
The verdict must be read in the light of the facts disclosed
by the "record of the action," and so read it is in no way
uncertain or indefinite.

Other points are made by the appellant, but none of them seem to us to be of sufficient consequence to require discussion. Upon the whole record we think the defendant was properly convicted of the offense charged and that no error substantially affecting his rights was committed.

The judgment and order appealed from are affirmed.

Beatty, C. J., and Lorigan, J., do not participate in the foregoing.

MELVIN, J., dissenting.—I dissent. I think the court erred in refusing to admit in evidence the note signed by Mrs. Sage and paid by defendant, and I do not think that the error was waived by the failure of the defendant to assent to the admission of parts of the note only. I agree with the opinion prepared by Mr. Justice Hall, in which Mr. Presiding Justice Lennon concurred, wherein this matter is discussed as follows:—

''Appellant offered the note in evidence, and upon the objection of the district attorney the court sustained the objection. The defendant was thus denied the right to prove the direct evidence that a portion at least of the money which he was charged with embezzling had in fact been applied to the payment of an obligation of Mrs. Sage. Furthermore the other payments on this note tended to account for some of the money that the prosecution claimed and proved had been received by defendant as the agent of Mrs. Sage. The evidence of Mr. Knox showed that defendant had made payments on the instrument which was then exhibited to him in the amount of over five thousand dollars, and that over four thousand dollars of this was paid shortly after the receipt by defendant of the $4,100.55 which he was charged with fraudulently appropriating to his own use. But by the ruling of the court, made at the insistence of the district attorney, the defendant was prevented from proving that the payments were made to discharge an obligation of Mrs. Sage.

''This was a vital matter. The important fact to be established in regard to these payments was that they were made for the benefit of Mrs. Sage and in discharge of her debt. It is not for the court to say that the offered evidence would not establish a completed defense. If it tended to meet and over-

come any portion of the evidence presented by the prosecution the defendant was entitled to have it placed before the jury. The ruling of the court deprived the defendant of the benefit of important and material evidence.

"The note, in connection with the evidence of payments made thereon by defendant, given by the witness Knox, directly tended to account for a portion of the four thousand one hundred dollars, as well as for other sums of money received by defendant for Mrs. Sage. The evidence of these payments was of practically no value without the introduction of the note. It was the note that would supply the important evidence that these payments were made to discharge an obligation of Mrs. Sage.

"It is thus manifest that the court erred in a vital matter to the prejudice of appellant in sustaining the objection of the district attorney to the introduction of the promissory note of Mrs. Sage."

Rehearing denied.

Beatty, C. J., dissented from the order denying a rehearing.