[Crim. No. 2016. Second Appellate District, Division Two.—December 26, 1930.]

THE PEOPLE, Respondent, v. JOHN D. RISHELL, Appellant.

Buel R. Wood for Appellant.

U. S. Webb, Attorney-General, and John W. Maltman and Warner I. Praul, Deputies Attorney-General, for Respondent.

THOMPSON (IRA F.), J.—John D. Rishell, together with his wife, Mabel L. Rishell, was charged in an information with grand theft. The first count was directed against both defendants charging them with the fraudulent appropriation of $10,000. The jury acquitted the defendant Mabel L. Rishell but disagreed as to the defendant John D. Rishell under this count; they returned a verdict of guilty as to the second count which charged that the defendant John D. Rishell alone did unlawfully take $700 in money of the property of the Bay Cities Guaranty Building and Loan Association. It is from the judgment pronounced upon this verdict that the appeal is prosecuted.

The first contention of the appellant is that the evidence is insufficient to support the verdict. The appellant organized the Building and Loan Association and was its president in 1928. Mrs. Rishell was a director and secretary of the company. In November, 1928, the loan association sold a piece of property to the Bank of Italy for the sum of $310,000. Edward B. Conliss was the real estate agent who handled the negotiations. He had an oral understanding with Mrs. Rishell and a Mr. Stintin, representing the Bank of Italy, that his commission to be paid by the loan asso-

ciation would be $5,000. During the pendency of the escrow the purchasing bank insisted that the taxes be paid by the seller. As a matter of compromise it was finally agreed that Mr. Conliss would pay one-half thereof (which was subsequently fixed at $700) and Mr. Stintin, presumably for the bank, would take care of the other half. Before the escrow was closed, however, the loan association paid approximately $2,800 taxes on the property. After the sale was consummated and on December 7, 1928, the witness Conliss testified that he went to the appellant for the purpose of collecting his commission; that they discussed the deal; that appellant asked him how much he had coming, to which he replied $5,000, whereupon appellant said, "well, how about those taxes"; that he thereupon told appellant he could deduct the taxes if he wanted to, whereupon appellant checked the records and compromised, as heretofore suggested, on the sum of $700; that appellant then suggested he would give Conliss (the witness) a check for $15,000 and that the latter would give him back a check for $10,700, which arrangement was carried out. The appellant deposited the check in his own account and not in the funds of the loan association. A little more than a year later, to wit, on January 28, 1930, appellant wrote a letter to the loan association inclosing his check for $1400 and interest amounting to $111.06 saying that it was to reimburse the association for the last half of the taxes of the year 1928–29, and that the withholding thereof was unconscious on his part. It should also be added that the assistant secretary of the loan association testified that appellant directed her to make an entry in the books charging the sum of $15,000 to the cost of real estate and building. It does not appear whether appellant was still connected with the company at the time he wrote the letter. A resolution was adopted by the board of directors on November 20, 1928, authorizing the sale of the property to the Bank of Italy for $295,000 net to the association. As to the item of $700 it is asserted by appellant that the proof is not sufficient for the following reasons:

"1. It cannot be ascertained from the evidence whether any demand was ever made by the officers of the association on the defendant for the alleged $700.00;

"2. That the evidence fails to disclose any misappropriation of the 'alleged sum;

"3. That the evidence fails to disclose any fact tending to show that the possession of said money by the appellant was not the possession of the corporation, appellant being the president of the association;

"4. That said evidence fails to show any intent to divert the said sum to the use of the appellant."

We have set out the language used by appellant to specify the claimed insufficiency, but it is obvious that the assignments should not be treated separately, because they are all aiming at the same underlying contention, to wit: That the evidence fails to show a fraudulent appropriation of the funds of the association. It is not essential to a prosecution for grand theft of the kind here involved, as it was not for embezzlement, to establish a demand for its return. The requirement is that the evidence disclose a fraudulent appropriation of the money involved. (*People* v. *Ward,* 134 Cal. 301 [66 Pac. 372]; *People* v. *Hatch,* 163 Cal. 368 [125 Pac. 907]; *People* v. *Blair,* 19 Cal. App. 688 [127 Pac. 657].) We need to point out in this case that the appellant went to the extent of drawing funds from the association for the purpose of passing it through the hands of Conliss and back into his own. It is difficult to believe that this was done for an innocent and proper purpose, in view of the fact that he was well advised that the agent Conliss only claimed and was only to be paid the sum of $4,300 and the further fact that the difference was shortly deposited in appellant's own bank account instead of being restored to the funds whence it came. At least the jury were entitled to put that construction upon the circumstances. Nor do we think that the facts are consistent with the thought that appellant's possession was that of the corporation. *People* v. *Royce,* 106 Cal. 173 [37 Pac. 630, 39 Pac. 524], is of no assistance to the appellant for the reason that the testimony in that case evidenced a disclosure by the defendant of his actions, which were manifestly consistent with a proper purpose on his part.

 It is next contended that the trial court erred in excluding certain stenographic notes from the evidence. Sufficient it is for a disposal of the point to say that they

could only bear upon count I, which is not before us upon this appeal. In the same category is appellant's complaint that the court erred in giving an instruction relating to the invalidity of a broker's agreement for compensation when not in writing and its refusal to give an instruction concerning the ownership of the $10,000.

Judgment affirmed.

Works, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 9, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 22, 1931.