[Crim. No. 2049. First Appellate District, Division Two.—March 22, 1939.]

THE PEOPLE, Respondent, v. WILLIAM J. AHERN, Appellant.

John D. Harloe and Leo R. Friedman for Appellant.

U. S. Webb, Attorney-General, Earl Warren, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

SPENCE, J.—Defendant was tried by the court, sitting without a jury, upon an indictment containing two counts charging grand theft. He was found guilty on both counts. His motion for a new trial was denied and he appeals from the judgment of conviction and from the order denying his motion for a new trial.

The original indictment charged in the first count that defendant unlawfully took certain real property of Catherine Malone Ahern of the value of $3,400; and in the second count, that he unlawfully took certain personal property of said Catherine Malone Ahern consisting of money in the sum of $8,225.22. An amended indictment was thereafter filed in which the first count was amended but the second count remained the same. The first count of the amended indictment was quite lengthy but it may be briefly summarized. It was alleged that defendant made certain representations ·to Mrs. Ahern regarding the intentions of her sisters to have her committed to the state hospital and to obtain for them-

selves control of her property; that he further "stated and represented to said Catherine Malone Ahern that if she would deed the said real property to him, he would hold it for her use and benefit and as her trustee"; that "in reliance upon said statement and representation", Mrs. Ahern executed and delivered a deed to defendant; that thereafter and on August 17, 1936, defendant "contrary to and not in due or lawful execution of said trust" sold said real property for the sum of $3,500 and "wilfully, unlawfully, feloniously and fraudulently embezzled, converted and appropriated" said sum to his own use.

Upon the trial, it was the theory of the prosecution that defendant had received both the real property described in the first count and the money described in the second count upon his agreement to hold the same in trust for the use and benefit of Mrs. Ahern and that he had thereafter embezzled the proceeds of the sale of said real property and also the money described in the second count. It was the theory of the defense that no trust was created and that Mrs. Ahern had given defendant both the real property and the money as his own upon the agreement that he would take care of her for the rest of her life.

There is no conflict as to any material fact except the understanding upon which the real property and money were transferred to defendant. Mrs. Ahern was defendant's aunt by marriage and was 70 years of age. Defendant was 45 years of age. She transferred the real property and money to him in April, 1936, and she died on August 27, 1936. The deed was dated April 8, 1936, and was recorded on the same day. The deposit of the $8,225.22 in defendant's name was made on April 16, 1936. He sold the real property on August 17, 1936, for $3,500. It is conceded that all of the proceeds of the sale and practically all of the money deposited in the bank was used by defendant for his own purposes.

There are no headings in defendant's brief but it is apparent that his contention is that the evidence was insufficient to sustain his conviction on either count. We find no merit in this contention. While defendant testified in line with his theory as above stated, there was ample evidence to the contrary showing that the real property and money were transferred to him upon his agreement that he would

hold said real property and said money in trust for Mrs. Ahern. The testimony of Mr. Lynch and of Mr. Riley showed that Mrs. Ahern became apprehensive about the transfers shortly after making the same and that she consulted Mr. Riley, an attorney at law. Both Mr. Lynch and Mr. Riley testified that they talked with defendant at that time and that he then stated that he was merely holding the real property and money in trust for Mrs. Ahern and that he was willing to execute a declaration of trust, if desired, stating that he held it in trust and did not claim it as his own. Defendant further told Mr. Riley that Mrs. Ahern had deeded the property over to him to sell it for her; that he was holding out for a price of $4,000 but that the best offer he had been able to get was $3,500. There was also evidence of the bank teller to show that when Mrs. Ahern transferred the money to defendant, said defendant already had an account of his own in that bank; that the teller suggested to defendant, in the presence of Mrs. Ahern, that defendant would want to keep the new account separate from the old and that pursuant to said suggestion, the new account was opened in the name of ''William J. Ahern, Trustee''. Said evidence was ample to show that a trust relationship was established and the trial court was justified in so concluding.

Defendant claims that his conversations had with various parties after the transfers had been made were insufficient to impose a trust upon the property. He cites authorities to the effect that a gift of property may not be changed into a trust by oral declarations subsequently made. Defendant's claim is based upon a misconception of the purpose of said testimony. Said testimony was introduced to show that defendant had originally acquired said property, not as a gift, but upon his agreement, made at the time of the transfer, to hold it in trust for Mrs. Ahern. Said evidence was sufficient for that purpose. (*Taylor* v. *Morris,* 163 Cal. 717 [127 Pac. 66].)

Defendant further claims that there is no evidence that any false representations were made to Mrs. Ahern by defendant. The answer to this claim is that no evidence of false representations was required. The gist of the first count of the amended indictment was that Mrs. Ahern had deeded the real property to defendant upon his agreement to hold

it in trust for her and that he thereafter sold the property and embezzled the proceeds. The second count of the amended indictment pleaded the unlawful taking of the money in bank in the short form permitted by law. (Pen. Code, sec. 952.) As above indicated, the prosecution introduced evidence which was sufficient to prove that the real property and money were transferred to defendant upon his agreement to hold in trust for Mrs. Ahern and that he thereafter embezzled the proceeds of the sale of the real property and the money in bank. As we view the record, any allegations in the first count concerning representations made by defendant as to the intentions of Mrs. Ahern's sisters, were mere surplusage, and such allegations required no proof.

Defendant apparently further claims that the evidence was insufficient because there was no evidence of any demand upon him. We are of the opinion however that in view of the evidence of the existence of the trust and of the conversion by defendant to his own use of the proceeds of the sale and of the money in the bank, no evidence of demand was necessary. (*People* v. *Hatch,* 163 Cal. 368 [125 Pac. 907].)

Finally defendant cites and relies upon several code sections (Civ. Code, secs. 2221, 2222 and 2253) and the case of *Logan* v. *Ryan,* 68 Cal. App. 448 [229 Pac. 993]. Defendant does not make entirely clear his purpose in citing these authorities. We assume that he may be claiming that he obtained the property free of any trust as (1) the evidence showed only an oral agreement to hold the property in trust for Mrs. Ahern and (2) there was no sufficiently definite statement of the purpose of the trust. We do not believe defendant's claim is tenable in either particular. Such oral agreements have frequently been given effect in order to prevent the statute of frauds from being used as a shield for fraud (*Taylor* v. *Morris, supra; Butler* v. *Hyland,* 89 Cal. 575 [26 Pac. 1108]; *Adams* v. *Lambard,* 80 Cal. 426 [22 Pac. 180]; *Marsh* v. *Smith,* 46 Cal. App. 692 [189 Pac. 1037]; 25 Cal. Jur. 172, sec. 41; 25 Cal. Jur. 125, sec. 2a), and we believe that an agreement which provides that the transferee will hold the property in trust for the transferor contains a sufficiently definite statement of the purpose of the trust.

The judgment and order denying the motion for new trial are affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 6, 1939, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 21, 1939. Houser, J., voted for a hearing.