[Crim. No. 3796.  Second Dist., Div. Two.  Aug. 25, 1944.]

THE PEOPLE, Respondent, v. VIRGINIA KENDALL, Appellant.

Carl B. Sturzenacker for Appellant.

Robert W. Kenny, Attorney General, and T. G. Negrich, Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment of guilty on two counts of grand theft, after trial before the court without a jury, defendant appeals.  There is also an appeal from the order denying her motion for a new trial.

The evidence being viewed in the light most favorable to the People, and pursuant to the rules set forth in *People* v.

*Pianezzi,* 42 Cal.App.2d 265, 269 [108 P.2d 732], the essential facts are:

Robert S. Kyle, complaining witness, was a practicing dentist in Los Angeles, California, and defendant was his dental assistant. Among her other duties defendant received checks from Dr. Kyle's patients and kept his books. Twentieth Century Fox Film Corporation sent Dr. Kyle a check for $300 in payment of dental work. This check defendant endorsed with Dr. Kyle's name and deposited the amount in her own account contrary to Dr. Kyle's instructions to deposit the check in his savings account. On another occasion Dr. Zieler gave a check in the sum of $250 to Dr. Kyle for dental services. This check defendant endorsed and cashed without Dr. Kyle's permission and did not deliver the proceeds thereof to Dr. Kyle.

Defendant relies for reversal of the judgment on two propositions which will be stated and answered hereunder seriatim:

First: *There is not sufficient evidence to sustain the court's findings that defendant was guilty on two counts of grand theft.*

This proposition is untenable. The complaining witness, Dr. Kyle, gave direct evidence sufficient to sustain a finding as to each of the facts set forth above. Conflicting and contradictory evidence must be disregarded by this court. (See *People* v. *Pianezzi, supra.*)

Second: *The trial court committed prejudicial error in receiving evidence that in August, 1942, defendant had endorsed three checks which were payable to Dr. Kyle and deposited them in her own account, since the most recent charge of grand theft in the indictment was alleged to have taken place March 12, 1942.*

This proposition is likewise untenable. For the purpose of establishing fraudulent intent in a prosecution for grand theft in the nature of embezzlement evidence is admissible of acts of a similar nature committed by defendant before and after the date of the act upon which the conviction is predicated. (*People* v. *Talbot,* 220 Cal. 3, 17 et seq. [28 P.2d 1057].)

For the foregoing reasons the judgment and order are and each is affirmed.

Wood (W. J.), J., concurred.