[Crim. No. 2065.    Third Dist.    Apr. 29, 1948.]

THE PEOPLE, Respondent, v. T. G. THOMPSON, Appellant.

Hardin Barry for Appellant.

Fred N. Howser, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

ADAMS, P. J.—Appellant, who was a justice of the peace in Westwood Township in Lassen County, was charged in an indictment as follows: In count one with a violation of subdivision 3 of section 424 of the Penal Code, in that he had kept false accounts relating to the receipt, etc., of public moneys; and in counts two, three, four and five with violations of section 504 of the Penal Code, in that on four different dates he had embezzled moneys which had come into his possession as such justice of the peace. He demurred to the indictment, but the demurrer was overruled. He entered a plea of not guilty and was thereafter tried by a jury, which returned verdicts of guilty on all counts. He was sentenced to the state prison for the term prescribed by law, on each count, the sentences to run concurrently. No motion for a new trial was made. This appeal is taken from the judgment.

Grounds for appeal urged are (1) that the trial court erred in overruling his demurrer to the first count of the indictment; (2) and (3) that the court erred in admitting certain evidence; and (4) that said court erred in the giving of a certain instruction.

The charge contained in the first count of the indictment was in substance that defendant, on or about August 28, 1947, did wilfully, unlawfully, feloniously and knowingly keep false accounts relating to the receipt, safekeeping, transfer and disbursement of public moneys, he then being the duly elected

and qualified justice of the peace of Westwood Township, and, as such, charged by law with the receipt, safekeeping, transfer and disbursement of public moneys of the said justice's court.

This charge, it is asserted, does not comply substantially with the requirements of sections 950, 951 and 952 of the Penal Code, in that it does not use ordinary or concise language in such a manner as to enable a person of common understanding to know what was intended, or to enable defendant to plead the judgment as a bar to further prosecution; that it does not reveal the nature of the accounts, or in what manner they were kept falsely; and that, though it employs the language of section 424 of the Penal Code, it is, nevertheless, insufficient. Appellant cites several cases, which, with one exception, were decided prior to the amendment of section 952 of the Penal Code in 1927 and 1929, which section as amended liberalized the rules of pleading in criminal cases, and provides that in charging an offense, each count shall be sufficient if it contains in substance a statement that the accused has committed some public offense therein specified; and that it may be in the words of the enactment describing the offense or declaring the matter to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is accused. The sufficiency of an indictment is not now to be tested by the rigorous rules of the common law nor by the rules existent prior to the 1927 and 1929 amendments to our statutes governing pleadings in criminal cases. See *People* v. *Codina,* 30 Cal.2d 356, 359 [181 P.2d 881]; *People* v. *Curtis,* 36 Cal.App.2d 306, 317 [98 P.2d 228].

Also, section 4½ of article VI of the Constitution, adopted in 1911 and amended in 1914, provides that no judgment shall be set aside in any case on the ground of misdirection of the jury, or of the improper admission or rejection of evidence, or for any error as to any matter of pleading, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice. Also see sections 960 and 1404 of the Penal Code, amended in 1927.

Appellant was entitled to, and presumably received, a copy of the transcript of the proceedings before the grand jury (Pen. Code, § 925), and was thereby informed of the basis of the charges against him. See *People* v. *Gilbert,* 26 Cal.App.2d 1, 7 [78 P.2d 770]; *People* v. *Gordon,* 71 Cal.App.2d 606, 610-611 [163 P.2d 110]; *People* v. *Jones,* 61 Cal.App.2d 608, 615-616 [143 P.2d 726]; *People* v. *Curtis, supra;* and since it is

conceded by him that the charge against him is in the words of section 424 of the Penal Code, we are satisfied that he had sufficient notice of the offense of which he was accused, and that any deficiency in the language of the indictment, if such there was, did not mislead him nor result in a miscarriage of justice, particularly since the sentences on the various counts in the indictment run concurrently.

The second ground for reversal urged by appellant is that the trial court erred in permitting the witness Faulkner to testify regarding the Motor Vehicle Docket kept by appellant as justice of the peace, because of subdivision 3 of section 1855 of the Code of Civil Procedure. There was proof in the case that the original docket was lost, and section 1855 provides that under such circumstances the contents of a writing may be proven either by a copy or by oral evidence. Faulkner, who was an accountant who had been employed for several years to audit the books of Lassen County, and who had examined the books pertaining to defendant's justice's court, testified that he made photostatic copies of the pertinent portions of appellant's Motor Vehicle Docket, and they were introduced in evidence after testimony was adduced showing that the originals were lost. We find no error in this behalf. See Code of Civil Procedure, section 1937; *People* v. *Mitchell*, 74 Cal.App. 164, 168 [240 P. 36]; 16 Cal.Jur. 697-698, 702.

Appellant's third asserted ground for reversal is that the trial court permitted evidence of acts of embezzlement committed by him, other than those charged in the indictment, and particularly one act subsequent to the ones charged. It appears from the record that this evidence was adduced by the prosecution in rebuttal and after defendant had testified that he did not intentionally fail to turn over to the county auditor moneys which he had received. Evidence of these other embezzlements was thus given to show a course of action pursued by appellant, and his fraudulent intent. For such purpose evidence of similar acts, both before and after those charged, is admissible. See *People* v. *Hatch*, 163 Cal. 368, 378-380 [125 P. 907]; *People* v. *Talbot*, 220 Cal. 3, 17-18 [28 P.2d 1057]; *People* v. *Kendall*, 65 Cal.App.2d 569, 570 [151 P.2d 39].

The final alleged error asserted by appellant is that the court instructed the jury that they might consider evidence of other acts of embezzlement on the issue of intent, but failed to caution them that any such act committed subsequent to the date of the embezzlement charged in any one count

could not be considered as evidence of intent as to that count. No authority for this contention is cited, and in view of the rule stated in the cases above cited, it has no merit. The court by its instruction advised the jury that evidence of other similar embezzlements was to be considered only for such bearing as they might find it to have on issues relating to defendant's state of mind. This was proper and it was enough. See *People* v. *Kay,* 34 Cal.App.2d 691, 696-697 [94 P.2d 361].

The judgment is affirmed.

Peek, J., and Thompson, J., concurred.